COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Humphreys and Kelsey
Argued at Richmond, Virginia


MARC ANDRE SCHWARTZ

                                                OPINION BY
v.    Record No. 0325-02-2          JUDGE ROBERT J. HUMPHREYS
                                              JUNE 17, 2003
COMMONWEALTH OF VIRGINIA



            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    George F. Tidey, Judge

            John W. Luxton (Morchower, Luxton & Whaley,
            on brief), for appellant.

            Margaret W. Reed, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


    Marc A. Schwartz appeals his convictions, after a bench

trial, for three counts of arson, three counts of vandalism, one

count of unlawful entry, and one count of underaged possession

of alcohol.  Schwartz contends the circuit court erred in

finding he did not fall within the jurisdiction of the juvenile

and domestic relations district court, and finding the evidence

sufficient as a matter of law to establish three separate counts

of arson.  Schwartz further argues that the final sentencing

order issued by the circuit court erroneously classified the

vandalism and possession of alcohol offenses as adult

convictions, as opposed to juvenile convictions.  For the

reasons that follow, we affirm and remand for correction of the sentencing order.

## I. Background

In accordance with settled rules of appellate review, we state the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below. Burns v. Commonwealth, 261 Va. 307, 313, 541 S.E.2d 872, 877 (2001).

Around midnight, on May 28, 2001, Schwartz,[1] and three of his high school classmates, James Steadman, Dale Edward Wright and Scott Bennett, gathered at Wright's home. While there, they drank alcohol and watched television. After some time, they decided to go outside and vandalize a school bus that was parked at a home in Wright's neighborhood. As they left Wright's home, they picked up "bats, [a] hatchet, and [a] hammer," and then got into Steadman's car. Schwartz also had a pocketknife.

The young men vandalized the bus by slashing the tires and breaking several windows. They then vandalized another bus. After this, the young men got back into Steadman's car and drove around. At some point, they decided to try and "tip" a car. The young men went to a neighborhood where they knew one of their school teachers lived, and looked for a "top-heavy" car to "tip."

---

[1] At the time of the incident, Schwartz was 16 years and 7 months of age.

- 2 -

They parked the car "somewhere in [H]ardings [T]race" and got out, carrying the items they used in vandalizing the buses. They then approached a truck that was parked in the driveway of one of the homes. Schwartz slashed the tires on one side. Although they saw that lights were on inside the home, they rocked the truck in an attempt to tip it over. When they were unable to tip the truck, they noticed a container in the back, containing fuel. They then decided to set the grass in the yard on fire. Schwartz helped pour some of the fuel onto the grass. Wright tried to light the fuel with a lighter he had taken from the front seat area of the truck. However, because it was raining at the time, the young men were unable to start the fire.

At that point, Schwartz put the fuel container back into the truck. One of the young men then decided that they should try to start a fire in the truck. Bennett "discouraged" the idea and said that the house might catch on fire as a result. Nevertheless, Steadman and Wright stood in the back of the truck and attempted to start a fire with the fuel. Schwartz stood nearby and watched as Steadman took a piece of paper, lit it, and threw it in the back of the truck. The young men then ran back to their car and drove away.

The young men returned to Wright's home and drank more alcohol. They later returned to the home in Hardings Trace to "check on the fire." When they arrived, they could see small flames, but "it wasn't very big at all," so they left. When they returned again, later that night, they saw a fire truck, so they again left. After stopping to eat breakfast in a restaurant, the young men returned to their respective homes.

The property that was burned belonged to Michael Drye.  The fire began in the back of his pickup truck then spread to his Ford Explorer, which was parked nearby, then to the garage attached to his home.  The fire ultimately progressed across the roof of his home and spread vertically to the third floor, heavily engulfing the attic.  Drye was home, asleep, at the time, but was able to get out of the home before the fire spread from the garage.  Once fire officials arrived, the fire was brought under control in approximately one hour.  By that time, the fire had destroyed Drye's home and two vehicles.

On June 1, 2001 and June 7, 2001, the Commonwealth filed several petitions against Schwartz in the juvenile and domestic relations district court in Henrico County.  The petitions included a charge of felonious arson of an occupied dwelling, two charges of felonious arson of personal property, two charges of felony vandalism, a charge of misdemeanor vandalism, a charge of misdemeanor unlawful entry, and a charge of underage possession of alcohol.  On June 14, 2001, the Commonwealth filed a notice of transfer hearing to be held on July 9, 2001.

During the transfer hearing, Schwartz pled guilty to underaged possession of alcohol and three counts of vandalism.  After considering the probation officer's transfer report recommending transfer of the remaining charges to circuit court, and after considering the "statutory factors in [Code] § 16.1-269.1(A)(4)," the juvenile and domestic relations district court transferred the remaining charges to circuit court.  In ordering the transfer, the juvenile and domestic relations district court noted that it relied "primarily" on factors "b, c,

- 4 -

& d," as contained in Code § 16.1-269.1(A)(4), in finding that the Commonwealth's request for transfer should be granted. Specifically, the court noted as follows:

> seriousness of crime, cannot be retained
> long enough in juvenile system [and] nothing
> to offer him in juvenile system.

Schwartz appealed the transfer order to the circuit court on July 16, 2001. During the de novo hearing, Schwartz presented the testimony of a clinical psychologist, the medical director of the Adolescent Health Center, and his mother. Each testified that, in their opinion, Schwartz suffered from no psychopathology or personality disorder, but was a very bright and intelligent young man, who was "socially immature" and acted in an attempt to gain social acceptance within his peer group. The clinical psychologist testified that Schwartz presented a low risk for similar behavior in the future, and opined that he would benefit from counseling for approximately six to twelve months, to help him deal with his personal growth and identity issues.

Schwartz also testified.  He claimed that he had not attempted to start the fire that evening, but admitted his participation in the events that took place.  He told the court that he had apologized to Drye.

Schwartz also submitted several documents to the court for consideration, including apology letters he had written to Drye and his school superintendent, letters written by several of his teachers documenting his intelligence and good nature, and documents demonstrating his "exceptional intelligence" rating and academic achievement.

After hearing arguments of counsel and considering the evidence and "all papers connected" with the matter, the circuit court found that Schwartz "was not a proper person to remain within the jurisdiction of the Juvenile Court."  The circuit court ordered further that "[u]pon agreement of counsel, the charges now pending in the Juvenile and Domestic Relations Court are transferred to this Court for disposition."

The Commonwealth subsequently obtained indictments against Schwartz for one count of arson of an occupied dwelling, in violation of Code § 18.2-77, and two counts of arson of personal property, in violation of Code § 18.2-81.  On October 16, 2001, Schwartz was tried on these charges, along with a charge of misdemeanor unlawful entry, in violation of Code § 18.2-121.  He

was tried jointly, with codefendants Wright and Steadman, and testified for the Commonwealth as to the events set forth above.[2]

At the close of the Commonwealth's case, and again at the close of all the evidence, Schwartz raised a motion to strike, contending, in relevant part, that the "single larceny theory" applied to this matter, allowing only one charge for arson, as opposed to three separate charges involving the burning of the individual items. The circuit court denied the motion and subsequently convicted Schwartz of the charges.

On December 20, 2001, the circuit court heard evidence pertaining to the three vandalism offenses and the underage possession of alcohol offense, forwarded for disposition by the juvenile and domestic relations district court, and "affirm[ed] the finding of guilt of the Henrico Juvenile & Domestic Relations Court" on these charges.

On January 10, 2002, Schwartz filed a motion to set aside the findings of guilt with regard to the arson convictions, arguing in relevant part, that the arsons of the vehicles were lesser-included offenses of the arson of the occupied dwelling.[3] The record contains no ruling by the circuit court pertaining to this motion.

---

[2] The record demonstrates that Schwartz testified for the Commonwealth by agreement and that he explicitly waived his Fifth Amendment rights prior to beginning his testimony.

[3] Although Schwartz referenced this motion in his brief on appeal, he failed to include the motion in the Joint Appendix. We remind counsel that Rule 5A:25(c) states that "[a]n appendix shall include," "exhibits necessary for an understanding of the case that can reasonably be reproduced." Rule 5A:25(c)(6) (emphasis added).

By order of January 14, 2002, the circuit court sentenced Schwartz on all the convictions. The aggregate sentence amounted to thirteen years and thirty days in prison, with twelve years, six months and thirty days suspended. The sentencing order reflected all of the convictions, including the juvenile and domestic relations district court convictions, as adult convictions.

## II. Analysis

On appeal, Schwartz raises three issues. Schwartz contends the circuit court abused its discretion in determining that he was not a proper person to remain within the jurisdiction of the juvenile court and that it erred in finding him guilty of three counts of arson, because there was only one point of ignition. Schwartz further contends the circuit court's sentencing order should be "modified to indicate that the three (3) convictions of vandalism and possession of alcohol were actually juvenile convictions as opposed to adult convictions."

### A.

As to the first issue presented by Schwartz, we note that although "the juvenile and domestic relations district courts have exclusive, original jurisdiction [pursuant to Code § 16.1-241(A)] over criminal offenses alleged to have been committed by a juvenile," Burfoot v. Commonwealth, 23 Va. App. 38, 45, 473 S.E.2d 724, 728 (1996), a judge of the juvenile court may transfer the juvenile to the appropriate circuit court "if [the] juvenile [is] fourteen years of age or older at the time of [the] . . . alleged

- 8 -

offense [and] is charged with an offense which would be a felony if committed by an adult."  Code § 16.1-269.1(A).  The transfer is subject to the factors listed in Code § 16.1-269.1(A)(1)-(4).

When a judge of the juvenile court transfers the juvenile to the circuit court, the juvenile may appeal that decision to the circuit court.  <u>See</u> Code § 16.1-269.4.  Upon <u>de novo</u> review, the circuit court must "determine if there has been substantial compliance with [Code § 16.1-269.1(A)], but without redetermining whether the juvenile court had sufficient evidence to find probable cause."  Code § 16.1-269.6(B).  Because a circuit judge has discretion in making his or her ruling, we will not reverse this ruling "absent a showing that [the circuit judge's] exercise of discretion has been abused."  <u>Kluis v. Commonwealth</u>, 14 Va. App. 720, 723, 418 S.E.2d 908, 910 (1992).

Accordingly, we review an order determining whether transfer was appropriate pursuant to Code § 16.1-269.1(A) only for abuse of discretion,

> a "strict legal term" "synonymous with a
> failure to exercise a sound, reasonable and
> legal discretion," a "clearly erroneous
> conclusion and judgment – one . . . clearly
> against logic[,] . . . [and] the reasonable
> and probable deductions to be drawn from the
> facts disclosed."  <u>Black's Law Dictionary</u> 10
> (6th ed. 1990 (citations omitted)).  "'[T]he
> discretion of the able, learned and
> experienced trial judge . . . will not be
> interfered with upon review of this Court,
> unless some injustice has been done.'"  <u>Bell
> v. Kirby</u>, 226 Va. 641, 643, 311 S.E.2d 799,
> 800 (1984) (quoting <u>Temple v. Moses</u>, 175 Va.
> 320, 337, 8 S.E.2d 262, 269 (1940)).  Thus,
> we should reverse only upon "clear evidence
> that [the decision] was not judicially
> sound" and not simply to substitute our
> "discretion for that rendered below."  <u>Nat'l</u>

- 9 -

> Linen Serv. v. Parker, 21 Va. App. 8, 19,
> 461 S.E.2d 404, 410 (1995).

Jefferson v. Commonwealth, 27 Va. App. 477, 487-88, 500 S.E.2d 219, 224-25 (1998).

Here, Schwartz contends the circuit court erred in determining that the juvenile and domestic relations district court substantially complied with the provisions of Code § 16.1-269.1(A) because the "denial of the transfer appeal was not based on the facts as presented to the circuit court at the hearing or in the documents submitted for the court's review," and because the "trial court's review was not meaningful by the record of these proceedings."

Despite Schwartz's contention that the circuit court erred, "Russell v. Commonwealth, 16 Va. App. 660, 432 S.E.2d 12 (1993), instructs that de novo review by the circuit court is unnecessary, provided '[t]here [is] . . . a hearing that gives meaningful review.'" Novak v. Commonwealth, 20 Va. App. 373, 384, 457 S.E.2d 402, 407 (1995) (quoting Russell, 16 Va. App. at 665, 432 S.E.2d at 16).

The record here discloses that the circuit court indeed conducted a de novo review, holding a hearing and taking substantial evidence on the issue. In addition, the record demonstrates that the circuit court examined "all of the papers connected with this case," including the transfer report and the written order of transfer, and "carefully listen[ed] to the arguments of counsel," before ruling that Schwartz was "not a proper person to remain within the jurisdiction of the Juvenile Court." Such consideration clearly constituted the "meaningful review" of the transfer decision contemplated by Code § 16.1-269 and Russell. Thus, we find no abuse of discretion in the circuit court's determination of the matter. Further, we decline Schwartz's invitation to reweigh the evidence on appeal, finding no indication on the record that the circuit court's finding was "judicially unsound."

### B.

Schwartz next contends that the circuit court erred in convicting him of three counts of arson, because the evidence established only one ignition point, which burned two vehicles and an occupied residence. Specifically, Schwartz argues that the vehicle fires are lesser-included offenses of the residence fire, that the individual convictions are barred pursuant to "Code § 19.2-264," and that they are also barred under the single larceny doctrine.

- 11 -

Pursuant to Rule 5A:18, we do not address Schwartz's contention that the vehicle fires were lesser-included offenses of the residence fire. Schwartz made no such argument before the circuit court, and although he raised the argument in his motion to set aside the convictions, the record does not reflect consideration or disposition of this motion by the circuit court. We have long held that we will not consider an argument on appeal that was not presented to the trial court. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18). Indeed, the main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. See Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted). Accordingly, Schwartz's argument is barred by Rule 5A:18 because it was not raised in the circuit court, and because the circuit court never ruled upon his motion to set aside the convictions, providing us no ruling to review on appeal. See Ohree v. Commonwealth, 26 Va. App. 299, 307-08, 494 S.E.2d 484, 488 (1998); Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993).

As to Schwartz's argument pursuant to Code § 19.2-264, we note that this section applies to issues of keeping a jury together in felony cases, a matter not reflected as an issue on the facts of this case. Thus, we presume Schwartz's reference to this code section was in error. We further presume that Schwartz intended, instead, to refer to Code § 19.2-294. Nevertheless, that argument is without merit.

- 12 -

Code § 19.2-294 provides, in relevant part:

> If the same act be a violation of two or
> more statutes, or of two or more ordinances,
> or of one or more statutes and also one or
> more ordinances, conviction under one of
> such statutes or ordinances shall be a bar
> to a prosecution or proceeding under the
> other or others.

Thus, Code § 19.2-294 prevents the Commonwealth from "subjecting an accused to the hazards of vexatious, multiple prosecutions." Hall v. Commonwealth, 14 Va. App. 892, 899, 421 S.E.2d 455, 460 (1992) (en banc). "By its terms, the statute does not apply to simultaneous prosecutions, because only a prior conviction for the violation of an act will bar a later prosecution for the same act." Phillips v. Commonwealth, 257 Va. 548, 551-52, 514 S.E.2d 340, 342 (1999). Thus, because Schwartz was tried for the arson offenses as part of a single prosecution, Code § 19.2-294 does not apply.

Finally, we find that Schwartz's argument with regard to the single larceny theory is, likewise, without merit.

> Whether the larceny of multiple items at or
> about the same time from the same general
> location constitutes a single larceny or
> multiple offenses is an issue that most
> courts have addressed early in the
> development of their criminal jurisprudence.
> The concept is commonly referred to as the
> "single larceny doctrine." The principles
> are easily stated and understood, but
> application of the doctrine becomes
> problematic when applied to the infinite
> variety of circumstances that can arise.

Richardson v. Commonwealth, 25 Va. App. 491, 495, 489 S.E.2d 697, 699 (1997) (citations omitted). "The overriding principle behind the single larceny doctrine is to prevent the state from

- 13 -

aggregating multiple criminal penalties for a single criminal act."  Id. at 496, 489 S.E.2d at 700.

In the case at bar, Schwartz was convicted of one count of arson of an occupied dwelling, in violation of Code § 18.2-77, and two counts of arson of personal property, in violation of Code § 18.2-81.  These offenses are not larceny offenses.

Common law "[l]arceny, . . . is the wrongful or fraudulent taking of another's property without his permission and with the intent to deprive the owner of that property permanently." Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 764 (2001).  Thus, "'[l]arceny involves the loss of property.'" Hines v. Commonwealth, 39 Va. App. 752, 756, 576 S.E.2d 781, 783 (2003) (quoting Jones v. Commonwealth, 3 Va. App. 295, 300-01, 349 S.E.2d 414, 417-18 (1986) (explaining that the gravamen of the crime of larceny is the taking of property from its owner)). Indeed,

> "[t]o constitute the crime of simple
> larceny, there must have been a felonious
> taking of the property from the possession
> of the owner, and the thief must, for an
> instant at least, have had complete and
> absolute possession of the stolen property,
> and during such possession and control he
> must have feloniously removed the same from
> the place it occupied just before he
> grasped, seized or laid hold of the same."

Jones, 3 Va. App. at 301, 349 S.E.2d at 418 (quoting 12A Michie's Jurisprudence, Larceny § 3 (Repl. Vol. 1978)).

Conversely, arson, which is largely a statutory offense, involves the destruction of property.[4]  See Hancock v.

_____

[4] See generally Code § 18.2-77 (addressing the burning or destruction of a dwelling house); Code § 18.2-79 (addressing the

- 14 -

<u>Commonwealth</u>, 12 Va. App. 774, 779, 407 S.E.2d 301, 303–04 (1991).  To prove the crime of arson and/or arson related crimes, the Commonwealth must prove that a fire of incendiary origin occurred and that the accused was a criminal agent in the

---

burning or destruction of a meeting house); Code § 18.2-80 (addressing the burning or destruction of structures not punishable under any other code section relating to crimes against property); Code § 18.2-81 (addressing burning or destruction of personal property); Code § 18.2-82 (addressing the burning of a structure while within the structure); Code §§ 18.2-83 and 18.2-84 (addressing threats to bomb, burn or otherwise damage a structure); Code § 18.2-85 (addressing the manufacture, use or possession of firebombs or explosive materials or devices); Code § 18.2-86 (addressing setting fire to wood, fences, grass, etc.); Code § 18.2-87 (addressing setting fire to woods or similar material and thereby, intentionally causing a fire to spread to neighboring lands); Code § 18.2-87.1 (addressing setting off bombs in public buildings); and Code § 18.2-88 (addressing carelessly damaging another's property by fire).  <u>See</u> <u>also</u> <u>Curran's Case</u>, 7 Gratt. (48 Va.) 619, 624 (1850) (declining "to moot the point whether our [arson] statute has wholly abrogated the common law, and in its stead substituted new statutory offences; or whether the statute creates no new offence, but like our statute on the subject of felonious homicide, (which only graduates the common law offence, and measures the amount of the punishment by the degree of the offence,) makes the grade of the common law offence of arson, and the punishment to be inflicted, depend upon the time and circumstances of its commission").

burning.  See Marable v. Commonwealth, 27 Va. App. 505, 510, 500 S.E.2d 233, 235 (1998).  "'The amount of "burning" necessary to be shown [in cases of arson] is any amount, provided there is a perceptible wasting of the fiber of the building or object which is a subject of arson, or some part of that building or object, by fire.'"  Hancock, 12 Va. App. at 779, 407 S.E.2d at 303-04 (quoting 2A Michie's Jurisprudence, Arson § 1 (1981)).

In Stephens v. Commonwealth, 263 Va. 58, 557 S.E.2d 227 (2002), the Supreme Court of Virginia noted:

> In Holly's Case, [113 Va. 769, 75 S.E. 88 (1912),] we stated the following rule: "The theft of several articles at one and the same time constitutes an indivisible offense, and a conviction or acquittal of any one or more of them is a bar to a subsequent prosecution for the larceny of the others."  Id. at 772, 75 S.E. at 89. This rule is not applicable here because it "applies only to a case involving multiple larceny prosecutions predicated upon the theft of multiple articles stolen contemporaneously."  Jones v. Commonwealth, 218 Va. 757, 761, 240 S.E.2d 658, 661, cert. denied, 439 U.S. 892 (1978).

263 Va. at 63, 557 S.E.2d at 230 (emphasis added).  Indeed, "we have only applied this doctrine to those statutory offenses for which we can ascertain no intent by the legislature to abrogate the theory of common law larceny."  Scott v. Commonwealth, 36 Va. App. 276, 280, 549 S.E.2d 624, 626 (2001).  Thus, because we find that arson is not a larceny-based offense, we do not here extend the application of the single larceny doctrine to offenses under Code §§ 18.2-77 or 18.2-81.

Additionally, the plain language of Code §§ 18.2-77 and 18.2-81 proves that the legislature intended to allow multiple

- 16 -

arson convictions under circumstances such as those presented in this case.  Code § 18.2-77(A) provides as follows, in relevant part:

> If any person maliciously (i) burns, or by use of any explosive device or substance destroys, in whole or in part, or causes to be burned or destroyed, or (ii) aids, counsels or procures the burning or destruction of any dwelling house or manufactured home whether belonging to himself or another, . . . he shall be guilty of a felony . . . .  <u>Any person who maliciously sets fire to anything, or aids, counsels or procures the setting fire to anything, by the burning whereof such occupied dwelling house . . . is burned shall be guilty of a violation of this subsection</u>.

(Emphasis added.)  Code § 18.2-81 provides:

> If any person maliciously, or with intent to defraud an insurance company or other person, set fire to or burn or destroy by any explosive device or substance, or cause to be burned, or destroyed by any explosive device or substance, or aid, counsel, or procure the burning or destroying by any explosive device or substance, of <u>any</u> personal property, standing grain or other crop, he shall, if <u>the thing</u> burnt or destroyed, be of the value of $200 or more, be guilty of a Class 4 felony; and <u>if the thing burnt or destroyed</u> be of less value, he shall be guilty of a Class 1 misdemeanor.

(Emphases added.)

> While criminal statutes must be construed strictly against the Commonwealth and in favor of the accused, <u>Johnson v. Commonwealth</u>, 211 Va. 815, 819, 180 S.E.2d 661, 664 (1971), when the language of a statute is clear and unambiguous, a court will give the statute its plain meaning, <u>Tross v. Commonwealth</u>, 21 Va. App. 362, 377-78, 464 S.E.2d 523, 530 (1995).  We also

- 17 -

> note, "The legislature in its discretion may determine the appropriate 'unit of prosecution' and set the penalty for separate violations." Jordan v. Commonwealth, 2 Va. App. 590, 594, 347 S.E.2d 152, 154 (1986).

Hines, 39 Va. App. at 757, 576 S.E.2d at 784.

Code § 18.2-77 clearly and unambiguously sets forth the legislature's intent that the burning of a dwelling house, caused by igniting another item, be prosecuted as a separate and distinct offense. Furthermore, Code § 18.2-81, by its plain language, creates a single and separate unit of prosecution for each item of personal property destroyed as the result of arson. Indeed, in designating the grade of the offense, the legislature specifically refers to "any personal property" as "the thing burnt or destroyed."[5] Code § 18.2-81. If the legislature had intended for the arson of all personal property at issue to invoke but a single charge under the statute, the legislature could have spoken more generally in terms of the personal property and its aggregate value, in determining the appropriate classification for the offense.

Given this statutory scheme, it is clear that the burning of a home and two automobiles, although perpetrated as a result of a

single point of ignition, constitutes separate and individual offenses of arson under Code §§ 18.2-77 and 18.2-81. Accordingly, we find no error on the part of the circuit court in denying Schwartz's motion to strike on this basis.

C.

Finally, Schwartz contends the circuit court's sentencing order should be "modified to indicate that the three (3) convictions of vandalism and possession of alcohol were actually juvenile convictions as opposed to adult convictions." As the Commonwealth concedes error in this regard, we remand, without deciding the matter, to the circuit court for the purpose of correcting its January 11, 2002 order to reflect that Schwartz's guilt in cases CJ01-75 through CJ01-78 was determined on July 9, 2001 in the juvenile and domestic relations district court.

<u>Affirmed and remanded.</u>

---

[5] We recognize, however, that "'in the construction of statutes[,] the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, <u>unless a literal construction would involve a manifest absurdity</u>.'" <u>Barr v. Town & Country Properties</u>, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting <u>Watkins v. Hall</u>, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)) (emphasis added). We do not here determine under what circumstances application of the literal language of the statute would create an absurd result. We find that under the circumstances of this case, a literal application of the statute does not create a manifest absurdity.

Fitzpatrick, C.J., concurring.

I respectfully concur with the majority opinion in affirming appellant's convictions and in its holding that the "single larceny doctrine" does not apply to the crime of arson. See Stephens v. Commonwealth, 263 Va. 58, 557 S.E.2d 227 (2002). This doctrine "applies only to a case involving multiple larceny prosecutions predicated upon the theft of multiple articles stolen contemporaneously." Id. at 63, 557 S.E.2d at 230 (internal citation and quotation omitted) (emphasis added). This clearly states the applicable law and covers the factual scenario presented in the instant case of one point of origin and three separate, unattached pieces of property burned.

However, I believe the majority's further statutory analysis leaves open the possibility of an absurd result. "Code § 18.2-81, by its plain language, creates a single and separate unit of prosecution for each item of personal property destroyed as a result of arson." (Majority opinion at 18) (emphasis added). This could be construed as permitting a separate arson prosecution for every item destroyed in a home or car, such as a shoe, a sock, a pillow, etc. The majority's interpretation of the statute fails to acknowledge that "[w]e must determine the General Assembly's intent from the words appearing in the statute, unless a literal construction of the statute would

- 20 -

yield an absurd result."  Earley v. Landsidle, 257 Va. 365, 370,

514 S.E.2d 153, 155 (1999).

For the foregoing reasons, I concur in the result.