COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Clements and Kelsey
Argued at Richmond, Virginia


SAUNDRA L. ASH
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1943-03-2                      JUDGE JEAN HARRISON CLEMENTS
                                                    MARCH 23, 2004
RAYMOND D. ASH


                    FROM THE CIRCUIT COURT OF HANOVER COUNTY
                                  John R. Alderman, Judge

            C. A. Barranger for appellant.

            Jennifer E. Crossland (William H. Parcell, III; Parcell, Webb &
            Wallerstein, P.C., on brief), for appellee.


        Saundra L. Ash (wife) appeals the ruling of the trial court that the severance package

received by Raymond D. Ash (husband) more than a year after the parties separated was his

separate property.  She contends the trial court erred in (1) finding she failed to overcome the

presumption that the severance package was separate property and (2) refusing her request for

attorney's fees.  Finding no error, we affirm the judgment of the trial court.

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

The relevant facts in this case are not in dispute. Husband began working for The Great Atlantic & Pacific Tea Company, Inc. (A&P) on June 1, 1976. The parties married on September 17, 1982, and separated on April 3, 1997. On July 9, 1998, wife filed for divorce and requested equitable distribution of the parties' property. On July 24, 1998, husband responded with his own request for divorce and equitable distribution.

On January 13, 1999, husband entered into an "Employment Termination and Release Agreement" with A&P dated December 8, 1998 (termination agreement). According to that agreement, which was admitted into evidence, husband's employment with A&P was to be terminated "on or about January 30, 1999," due solely to "a business reorganization and reduction in force in which [A&P's] Richmond Division [was] being closed on or about" that date. Under the terms of the termination agreement, A&P would continue to pay husband at his "current rate for a total of 27 weeks after [his] [t]ermination [d]ate, which includes payment for all applicable vacation or other paid leave time," and provide him with certain other designated benefits through the 27-week severance period. "In exchange for [those] benefits" husband agreed, *inter alia*, (1) "not to bring any lawsuit against [A&P] and release and waive the [c]ompany for all claims or liability arising out of [husband's] employment and/or separation from employment with [A&P] as of [his] [t]ermination [d]ate," (2) to "continue to perform satisfactorily [his] job duties and responsibilities through [his] [t]ermination [d]ate," and (3) to "not make disparaging remarks about the [c]ompany, its products or its policies."

As provided for in the termination agreement, husband was laid off by A&P, through no fault of his own, in January 1999. He subsequently received the 27 weeks of severance pay to which he was entitled under the termination agreement.

On October 12, 2001, the trial court entered a final decree awarding wife a divorce and dividing the parties' marital property. In connection with the distribution of the property, the trial court denied wife's motion to compel husband to provide information she requested in interrogatories regarding husband's severance package from A&P. The court went on to find that the severance package was husband's separate property.

Both parties appealed the trial court's final decree on various grounds. Wife contended, *inter alia*, that the trial court erred in denying her the opportunity to obtain evidence relevant to the determination whether any portion of husband's severance package was marital property. Agreeing with wife that the trial court abused its discretion in denying wife's motion to compel discovery concerning husband's severance package, a unanimous panel of this Court reversed the court's equitable distribution award and remanded the case to the trial court for further proceedings with regard to the severance package. Ash v. Ash, Nos. 3043-01-2 and 3072-01-2 (Va. Ct. App. July 23, 2002).

On remand, the trial court conducted a hearing on March 25, 2003, on wife's motions to compel discovery, for division of the severance package, and for an award of her attorney's fees and costs "incurred in obtaining a portion of defendant's severance package." Finding husband's response to wife's third request for admissions "inadequate," the court held that the truth of the January 22, 2003 letter referenced in that request for admissions was deemed to have been admitted by husband. The court qualified that admission by indicating that the letter should include the phrase husband's "years of service and position with the company."[1] As qualified, the letter, from Sheryl Martin, head of the legal department of A&P, to wife's counsel, stated as follows:

---

[1] Neither party challenges either of these ruling by the trial court. Hence, for purposes of this appeal, we will assume, without deciding, that the statements contained in the letter referenced in wife's third request for admissions are true, as qualified.

- 3 -

Raymond D. Ash was first employed by A&P on June 1, 1976. He worked for the company for 22 years before he received his severance package in early 1999. His severance package of 27 weeks was based on his [years of service and position with the company] plus 5 weeks of vacation days. The amount of vacation that an employee is entitled to is based on years of service.

Relying solely on Martin's statement in the January 22, 2003 letter, wife argued that husband's severance package was partly marital property because "it was based on work during the years when the parties were married." The trial court found the severance package was husband's "separate property which resulted [from] A&P going out of business post separation, and that [wife] failed to meet her burden to overcome the presumption that it is separate property."

Wife presented no argument or evidence at the hearing concerning the issue of attorney's fees and costs, and the trial court made no findings or rulings with regard to that issue.

The trial court memorialized its rulings in a final order entered, without objection by wife, on June 26, 2003. This appeal followed.

## II. THE SEVERANCE PACKAGE

Wife argues on appeal that Martin's statement in the January 22, 2003 letter proves that a significant portion of husband's 27 weeks of severance pay was marital property because the pay was "based on" husband's employment with A&P while the parties were married, prior to their separation. She reasons as follows:

The severance package was awarded on the basis of one year for each [of husband's 22] full year[s] of service and one week for each [of the 5 weeks] of vacation pay earned during the marriage [for a total of 27 weeks]. The parties lived together [while married] 14 and one half years while [husband] worked for A&P. He was entitled to two weeks of vacation pay when the parties married and five weeks when they separated.

Thus, wife argues, her evidence shows that 17 1/2 weeks' worth of husband's severance pay was marital property because it was based on work performed and vacation earned while the parties

- 4 -

were living together during the marriage. Consequently, wife contends, the trial court erred in finding she failed to meet her burden to overcome the presumption that the severance package was husband's separate property. We disagree.

"In making an equitable distribution, the court must classify the property, assign a value, and then distribute the property to the parties, taking into consideration the factors listed in Code § 20-107.3(E)." Theismann v. Theismann, 22 Va. App. 557, 564, 471 S.E.2d 809, 812, aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). "Fashioning an equitable distribution award lies within the sound discretion of the trial judge . . . ." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).

> Unless it appears from the record that the [court] has abused [its] discretion, that [it] has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying [its] resolution of the conflict in the equities, the [court's] equitable distribution award will not be reversed on appeal.

Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987).

"Property acquired after the last separation is presumed to be separate unless the party claiming otherwise proves that the property 'was acquired while some vestige of the marital partnership continued or was acquired with marital assets.'" Luczkovich v. Luczkovich, 26 Va. App. 702, 708, 496 S.E.2d 157, 160 (1998) (quoting Dietz v. Dietz, 17 Va. App. 203, 211-12, 436 S.E.2d 463, 469 (1993)). Thus, the party seeking equitable distribution of property acquired by the other spouse after the parties have separated must overcome a presumption that the property is not marital. Id. at 710-11, 496 S.E.2d at 162; Dietz, 17 Va. App. at 211-12, 436 S.E.2d at 469. "[I]f the party with the burden of proving that the property is marital fails in his or her burden, then necessarily, the property acquired after the marital partnership ended is separate property." Dietz, 17 Va. App. at 212, 436 S.E.2d at 469.

In classifying a severance package acquired by a spouse after the parties have separated, "the touchstone . . . is whether the severance package was intended to compensate the employee for efforts made during the marriage or to replace post-separation earnings." Luczkovich, 26 Va. App. at 708-09, 496 S.E.2d at 160. "The nature of post-separation severance pay as replacement for post-separation wages supports a classification of separate property." Id. at 709, 496 S.E.2d at 160. Hence, to overcome the presumption that a severance package received from an employer after the parties' last separation is separate property, the nonreceiving spouse must prove that the severance package was intended to compensate the receiving spouse for services rendered to the employer during the marriage. Id. at 710-11, 496 S.E.2d at 162.

Here, it is undisputed that husband received the subject severance package after the parties separated. Thus, wife, seeking classification of some of the severance package as marital property, bore the burden to overcome the presumption that the severance package was entirely husband's separate property. To do so, she had to prove the severance package was intended to compensate husband for work he did for A&P during the marriage before the parties separated. Upon our review of the record, we conclude the evidence supports the trial court's finding that wife failed to meet that burden.

The only evidence wife presented in support of her claim that husband's severance package was partly marital property was Martin's January 22, 2003 letter indicating that husband's 27-week severance package was "based," in part at least, on husband's 22 years of service with A&P, "plus 5 weeks of vacation days." In relying on that letter, wife fails to discriminate between the *purpose* of the severance pay and the *basis* of the severance amount. While the January 22, 2003 letter describes how A&P calculated the extent of husband's severance package based on the duration of his employment with the company, it does not show

- 6 -

that the severance package was intended by A&P to compensate husband for his efforts while the parties were living together during the marriage. Indeed, it sheds no light on that subject.

In contrast, the termination agreement entered into by husband *after the parties separated* expressly indicates that A&P awarded husband the severance package in exchange for his agreement to satisfactorily complete the remaining period of his employment with A&P and not to sue or disparage A&P in the future. That the calculation of the severance amount paid by A&P was related to husband's past service does not alter the stated purpose of the severance package to compensate husband for efforts he made after the parties separated.

In addition, wife's reliance on Martin's January 22, 2003 letter to show that part of the severance package was based on vacation earned while the parties were living together is also misplaced. That letter indicates only that the 27 weeks of the severance package included "5 weeks of vacation days" that husband had earned. It does not indicate when husband earned those 5 weeks of vacation. In arguing that 3 of those 5 weeks of vacation were earned while the parties were living together, wife not only relies on evidence that is not in the record, she ignores the reasonable possibility that husband earned all 5 weeks of vacation following the separation. The termination agreement indicates that husband would receive as part of his severance package "all applicable vacation or other paid leave time." It is not unreasonable to believe that one who has worked for the same company for 22 years could earn 5 weeks of vacation between April 1997, when the parties separated, and approximately July 1999, when husband's severance package ended. In any case, the evidence fails to show when the vacation was earned.

We hold, therefore, that the trial court could properly conclude from the evidence before it that wife failed to meet her burden to overcome the presumption that the severance package was entirely husband's separate property. Consequently, the trial court did not abuse its discretion in classifying the severance package as husband's separate property.

### III.  ATTORNEY'S FEES

Wife also contends the trial court erred in failing to award her attorney's fees and costs. Thus, wife requests that we remand this case to the trial court for an award of her attorney's fees and costs expended in connection with overcoming husband's "continued . . . obstructionist course of conduct concerning discovery" and in pursuing her granted motion for discovery.  We hold that wife did not preserve this issue for appeal.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor."

> Rule 5A:18 serves an important function during the conduct of a trial.  It places the parties on notice that they must give the trial court the first opportunity to rule on disputed . . . questions.  The purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals.  To hold otherwise, would invite parties to remain silent at trial, possibly resulting in the trial court committing needless error.

Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986).  Thus, the parties have an affirmative duty under Rule 5A:18 to first present disputed questions to the trial court and obtain rulings from the court on those questions before raising them on appeal.  An appellant's failure to do so precludes our consideration of the matter.  See Schwartz v. Commonwealth, 41 Va. App. 61, 71, 581 S.E.2d 891, 896 (2003) (holding that consideration of appellant's contention on appeal "is barred by Rule 5A:18 because it was not raised in the circuit court, and because the circuit court never ruled upon his motion . . . , providing us no ruling to review on appeal").

In this case, wife argues she sufficiently notified the trial court of her request for attorney's fees and costs by including such a request in her motion.  The trial court chose not to consider her request, she argues, because it "ruled that [wife] had failed to meet her burden to prove that [husband's] severance package was marital property."

- 8 -

It is clear from the record, however, that the trial court did not address the issue of attorney's fees and costs associated with the relevant discovery matter solely because wife never asked the court to rule on that issue. She presented no argument or evidence at the March 25, 2003 hearing concerning the issue of attorney's fees and costs. Indeed, wife made no mention at that hearing of her request for such fees and costs. Additionally, she failed to note her exception to entry of the final order on that ground. Thus, wife never gave the court the opportunity to consider and rule upon her request for attorney's fees and costs. Simply including a request for fees and costs in her motion, without mentioning that request at the hearing or seeking a ruling thereon from the trial court, was not sufficient to bring it to the trial court's attention in this case and preserve the matter for appeal. See id. at 70-71, 581 S.E.2d at 896 (noting that appellant's inclusion of disputed contention in his motion did not satisfy Rule 5A:18, where "the record [did] not reflect consideration or disposition of [the] motion by the circuit court"). Therefore, we will not address this issue on appeal.

Accordingly, we affirm the judgment of the trial court.

Affirmed.