PRESENT: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, Lemons, JJ., and Compton, S.J.

MARC ANDRE SCHWARTZ

v.  Record No. 031698

COMMONWEALTH OF VIRGINIA

OPINION BY
SENIOR JUSTICE A. CHRISTIAN COMPTON
April 23, 2004

FROM THE COURT OF APPEALS OF VIRGINIA

Shortly after midnight on Monday, May 28, 2001, defendant Marc Andre Schwartz and three male companions, all teenagers and fueled by consumption of alcoholic beverages, embarked on a vandalism spree in western Henrico County.  During the next several hours, the group broke windows in school busses and an automobile with bats and tools, and slashed tires on motor vehicles with a knife.  Shortly before 2:45 a.m., in heavy rain, the vandals arrived at the residence of Michael Wayne Drye, whom they did not know.

Drye's two vehicles, a Ford pickup truck with a camper shell on the rear and a Ford Explorer sport utility vehicle, were parked in his driveway adjacent to one another.  The truck was three to four feet from the dwelling and the Explorer was six to eight feet from the home.

The boys first attempted unsuccessfully to overturn the truck.  Then, using diesel fuel found in containers within the camper shell, the culprits, with difficulty, set fire to the

truck, left and, after returning to the scene several times, eventually fled the area. The fire spread from the truck to the sport utility vehicle and then to the residence, which became engulfed in flames.

The vehicles were destroyed and the home heavily damaged. Drye's property loss was estimated to be in the sum of $250,000. Drye, who was alone in the house at the time, escaped without injury.

Following detention of the defendant on June 1, 2001, charges against him were transferred from the juvenile and domestic relations district court to the circuit court, where he was indicted for three felonies. In one indictment, defendant was charged with malicious burning of an occupied dwelling, in violation of Code § 18.2-77. In two separate indictments, he was charged with malicious burning of personal property, the pickup truck and the Explorer, in violation of Code § 18.2-81.

Following a bench trial in the circuit court, the defendant was found guilty of all three charges of arson and sentenced in January 2002 to incarceration, most of which was suspended. Upon review, the Court of Appeals of Virginia affirmed the convictions. Schwartz v. Commonwealth, 41 Va. App. 61, 581 S.E.2d 891 (2003).

We awarded defendant this appeal, limited to consideration of one assignment of error, that is, whether: "The trial court

2

erred in finding Schwartz guilty of three counts of arson when the evidence revealed there was only one point of ignition, a pick-up truck, which later spread to another vehicle and the residence."

In this appeal, the defendant does not contest his conviction for arson of the occupied dwelling. Rather, he seeks dismissal of the two convictions for burning the vehicles, Drye's personal property.

The defendant argues: "There was only one act of ignition for the residence and the two vehicles. The three properties had one owner. . . . Clearly there was only 'one discrete criminal act' committed and Schwartz has been convicted and punished for three offenses."

We do not agree with defendant's argument. The decision of this appeal turns upon application to these facts of the relevant statutes' clear terms.

Code § 18.2-77(A), as pertinent, provides: "If any person maliciously (i) burns, or by use of any . . . substance destroys, in whole or in part, or causes to be burned or destroyed, or (ii) aids, counsels or procures the burning or destruction of any . . . occupied . . . house . . . , he shall be guilty of a felony . . . . Any person who maliciously sets fire to anything, or aids, counsels or procures the setting fire to anything, by the burning whereof such occupied dwelling house

. . . is burned shall be guilty of a violation of this subsection."

Code § 18.2-81, as pertinent, provides: "If any person maliciously . . . set fire to or burn or destroy by any . . . substance, or cause to be burned, or destroyed by any . . . substance, or aid, counsel, or procure the burning or destroying by any . . . substance, of any personal property, . . . he shall, if the thing burnt or destroyed, be of the value of $200 or more, be guilty of a Class 4 felony."

We agree with the Court of Appeals' statement that "the plain language" of the foregoing statutes demonstrates that the General Assembly "intended to allow multiple arson convictions under circumstances such as those presented in this case." Schwartz, 41 Va. App. at 74, 581 S.E.2d at 897-98.

In contending there was only one criminal act, the defendant has argued that the word "anything" in § 18.2-77 means the personal property referred to in § 18.2-81. However, the term "anything" in § 18.2-77 refers to the accelerant used to start the fire of a dwelling, not the object of the fire. The statutory language proscribes "the setting fire to anything, by the burning whereof such occupied dwelling house . . . is burned."

In separate statutes, the legislature has criminalized the arson of an occupied dwelling, on the one hand, and the arson of

4

personal property, on the other.  The personal property here was two distinct, different vehicles that were separately identified and parked outside the dwelling.  The dwelling and the two vehicles occupied different locations.  Thus, we hold the legislature intended that, under these circumstances, there should be three units of prosecution, viz., for the burning of the dwelling and for the burning of each vehicle.

While we agree with the foregoing statement of the Court of Appeals, we disagree with that Court's further observation that "Code § 18.2-81, by its plain language, creates a single and separate unit of prosecution for each item of personal property destroyed as the result of arson."  Id. at 75, 581 S.E.2d at 898.

As the Court of Appeals' Chief Judge pointed out in her concurrence in Schwartz, "[t]his could be construed as permitting a separate arson prosecution for every item destroyed in a home or car, such as a shoe, a sock, a pillow, etc."  Id. at 77, 581 S.E.2d at 899.  As she noted, that literal construction of the statute would improperly yield an absurd result.  Id.

We conclude that the circuit court did not err in finding the defendant guilty of three counts of arson. Therefore, the judgment of the Court of Appeals confirming these convictions will be

<u>Affirmed</u>.[*]

---

[*] This decision, of course, leaves in place the Court of Appeals' order of remand to the circuit court for modification of the sentencing order, regarding the defendant's convictions for vandalism and possession of alcohol, to reflect they were actually juvenile convictions as opposed to adult convictions. <u>See</u> 41 Va. App. at 76, 581 S.E.2d at 898-99.