**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 06-5198**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS ROBERT CRAIG,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (5:06-cr-00030-SGW)

―――――――――

Submitted: April 30, 2007                    Decided: June 4, 2007

―――――――――

Before NIEMEYER, MOTZ, and GREGORY, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

W. Kent Bowers, Harrisonburg, Virginia, for Appellant. John L. Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Robert Craig appeals the 180-month sentence he received following his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court determined that Craig had been previously convicted of three serious drug offenses or violent felonies and therefore qualified as an armed career criminal under 18 U.S.C. § 924(e) (2000). On appeal, Craig contends that the district court erred in determining that his Virginia conviction for burning a motor vehicle with intent to defraud, pursuant to Va. Code Ann. § 18.2-81 (Michie 2004),[1] qualified as "arson" for the purposes of § 924(e). Finding no error, we affirm.

Under 18 U.S.C. § 924(e)(1), "[i]n the case of a person who violates section 922(g) . . . and has three prior convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." Under 18 U.S.C. § 924(e)(2)(B), a violent felony is a crime that is

[1]Under Va. Code Ann. § 18.2-81, it is a Class 4 felony for an individual to "maliciously, or with intent to defraud an insurance company or other person, set fire to or burn or destroy by any explosive device or substance, or cause to be burned, or destroyed by any explosive device or substance, or aid, counsel, or procure the burning or destroying by any explosive device or substance, of any personal property, standing grain or other crop . . . if the thing burnt or destroyed, be of the value of $200 or more." A Class 4 felony in Virginia is punishable by a term of imprisonment of not less than two years nor more than 10 years. See Va. Code Ann. § 18.2-10(d) (Michie 2004).

punishable by more than a year in prison and that has as one of its elements "the use, attempted use, or threatened use of physical force against the person of another . . . or is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  Whether a defendant's prior conviction qualifies as a predicate offense for purposes of § 924(e) is a legal question reviewed de novo.  United States v. Haynes, 961 F.2d 50, 51 (4th Cir. 1992).

In applying the armed career criminal statute, this court uses a formal "categorical approach," looking only to the statutory definition of the predicate offense and not to the particular circumstances underlying the conviction.  United States v. Hairston, 71 F.3d 115, 117 (4th Cir. 1995); see generally James v. United States, 127 S. Ct. 1586, 1593-94 (2007).  Pursuant to the Supreme Court's decision in Taylor v. United States, 495 U.S. 575, 598 (1990), the term "arson" is applied in "the generic sense in which the term is now used in the criminal codes of most states." Therefore, the relevant issue is whether the crime of burning or destroying personal property under Va. Code Ann. § 18.2-81 corresponds to a modern generic definition of arson.

Craig contends that under Virginia law, arson is limited to the malicious burning of a dwelling house; however, Craig's support for this proposition is based on the common law definition

of the crime in Virginia, which is not controlling on this issue.[2]

See Taylor, 495 U.S. at 594 (rejecting the use of common law definitions for defining terms under 924(e)).  Rather, for the armed career criminal enhancement to apply, the Virginia statute must substantially correspond to the generic definition of arson as it is currently used and understood.  Id. at 598.  We find that the burning of personal property with intent to defraud as defined under Va. Code Ann. § 18.2-81 substantially corresponds to the generic definition of arson for the purposes of § 924(e).  See United States v. Hathaway, 949 F.2d 609, 610 (2d Cir. 1991) (holding that Vermont conviction for third-degree arson, defined as the willful and malicious burning of personal property, qualified as "arson" under 924(e)).[3]   Therefore, we conclude that the

---

[2]The common law definition of arson is embodied in Va. Code Ann. § 18.2-77 (Michie 2004), which makes it a felony to burn a "dwelling house" or other building where "persons usually dwell or lodge."  However, pursuant to § 18.2-81, Virginia has expanded the definition of the crime of arson to also include the burning of personal property.  See Schwartz v. Commonwealth, 594 S.E.2d 925, 927 (Va. 2004) ("In separate statutes, the legislature has criminalized the arson of an occupied dwelling, on the one hand, and the arson of personal property, on the other.").

[3]Craig notes that in Hathaway, the Vermont statute defined third-degree arson as the "malicious" burning of personal property, but that Va. Code Ann. § 18.2-81 does not necessarily require malice, as a conviction can also be for "intent to defraud." However, the Virginia courts have held that "malice" is defined as a purposeful intent to do a wrongful act; therefore, in the case of arson, malice can be inferred from the fact that a person intentionally burned property to defraud an insurance carrier. Hamm v. Commonwealth, 428 S.E.2d 517, 520 (Va. App. 1993) ("The fact that Code § 18.2-81 includes a separate provision for 'burning with intent to defraud an insurance company' does not exclude that

district court did not err in finding that Craig's conviction under Va. Code Ann. § 18.2-81 qualified as a predicate conviction for purposes of the Armed Career Criminal Act.

Accordingly, we affirm Craig's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

wrongful act as being an act of malicious burning.").