COURT OF APPEALS OF VIRGINIA

Present:    Judges Beales, Athey and Callins
Argued at Arlington, Virginia

UNPUBLISHED

JOHN MICHAEL WOLFE

MEMORANDUM OPINION[*] BY
v.        Record No. 0657-23-4          JUDGE CLIFFORD L. ATHEY, JR.
                                        JANUARY 7, 2025

SHULAN JIANG


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael F. Devine, Judge

John Michael Wolfe, *pro se*.

Shulan Jiang, *pro se*.


This opinion resolves a personal injury matter tangentially related to an unfortunate and

extended series of domestic relations disputes involving John Michael Wolfe ("husband"), who

appeals a final order from the Circuit Court of Fairfax County ("circuit court") dismissing his

personal injury lawsuit against his ex-wife, Shulan Jiang ("wife"), for failing to file answers

responding to wife's discovery requests.  On appeal, husband contends that the circuit court

erred: 1) by failing to recuse itself from hearing the litigation; 2) by subsequently dismissing his

suit; and 3) by requiring him to pay wife's costs incurred in defending the litigation.  Finding no

error, we affirm.

I.  BACKGROUND

On February 27, 2019, husband, *pro se*, filed a personal injury lawsuit alleging that wife

injured him during an altercation that occurred during his supervised visitation with their

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

children in July of 2014.[1]  In his complaint, husband requested a judgment against his ex-wife in the amount of $5 million in compensatory damages as well as an additional $350,000 in punitive damages.[2]  In pursuit of his personal injury claim, husband filed a litany of pleadings including but not limited to a complaint, an amended complaint, many scheduling requests, a motion for default judgment, a motion to recuse the circuit court, a motion to quash subpoenas, a motion to compel discovery, a motion to extend discovery, and multiple briefs in opposition to wife's motions.  He further filed numerous objections to the circuit court's orders.

The circuit court eventually scheduled the case for trial on September 6, 2022, and directed the parties to answer their corresponding written discovery requests.  Wife complied and filed answers in response to husband's interrogatories in mid-July of 2022.  She also produced documents in response to husband's requests for production of documents.  When wife requested that husband respond to her discovery requests, husband alleged that he could not answer wife's discovery requests within the permitted time due to "vision difficulties" but assured wife that he would supplement his responses 15 days before trial in his witness and exhibit list.  Wife then moved to compel husband to respond to discovery by filing written answers.

As a result of the foregoing, the circuit court continued the trial date to afford husband additional time to respond to discovery but required him to submit proof of his eyesight impairment.  In response, husband alleged that his vision impeded his ability to litigate at all.  In support, husband submitted his referral for a cataract evaluation and proof of his contact lens purchase.  Husband further requested "pendente lite relief to pay for medical issues related to this matter."  Husband also contended that he suffered from "brain fog from [a] COVID infection"

---

[1] Husband previously nonsuited this action in 2017 and 2018.

[2] The circuit court dismissed husband's punitive damages claim but permitted the compensatory damages claim to proceed.

that impaired his ability to respond to written discovery. The circuit court denied husband's motion for emergency pendente lite relief because the parties were already divorced.

Wife docketed for hearing on December 9, 2022, her still-pending motion to compel discovery. Husband responded by filing an objection to the hearing claiming that he was unavailable. However, husband failed to request a continuance of the hearing date through the circuit court's calendar control system. Husband failed to appear for the December 9 hearing, and the circuit court granted wife's motion to compel and ordered husband to answer discovery within 30 days. Husband failed to comply with the circuit court's order compelling him to respond to wife's discovery. Finally, on March 10, 2023, the circuit court entered an order dismissing husband's personal injury suit for failure to comply with the discovery order and further requiring husband to pay wife $102.78 in costs. The circuit court suspended enforcement of the judgment until April 10, 2023. Husband appealed.

## II. ANALYSIS

### A. *Standard of Review*

This Court reviews the circuit court's enforcement of discovery deadlines "under an abuse of discretion standard." *Harvey v. Commonwealth*, 76 Va. App. 436, 472 (2023). "When we say that a circuit court has discretion, we mean that 'the [circuit] court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Galiotos v. Galiotos*, 300 Va. 1, 10 (2021) (alteration in original) (quoting *Landrum v. Chippenham and Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). And a circuit court abuses this discretion "only when 'reasonable jurists could not differ' in their assessment that an erroneous result was reached." *Harvey*, 76 Va. App. at 472 (quoting *Commonwealth v. Swann*, 290 Va. 194, 197 (2015)).

B. *The circuit court did not abuse its discretion in sanctioning husband for refusing to comply with its discovery order.*

Husband argues on brief that the circuit court abused its discretion by sanctioning him for refusing to comply with the circuit court's discovery order requiring him to respond to wife's discovery requests. We disagree.

Circuit courts are vested with the authority to impose a discovery deadline consistent with the Rules of the Supreme Court of Virginia. *See Pine Hill Grp., LLC v. Nass Grp., LLC*, 76 Va. App. 384, 390 (2023); Code § 8.01-4; Rule 4:12(a). A circuit court may sanction a non-compliant party in a variety of ways, including dismissal of the suit and reimbursement of the opposing party's expenses. Rule 4:12(b)(2). And, the Supreme Court of Virginia has noted that "upon the violation of a court order it [i]s within the trial court's discretion to impose any specifically tailored sanctions 'as are just' . . . , including the most drastic sanction of striking a party's case." *Nolte v. MT Tech. Enters., LLC*, 284 Va. 80, 94 (2012) (quoting Rule 4:12(b)(2)).

Here, the record is bereft of any evidence supporting a finding that the circuit court abused its discretion by sanctioning husband. In fact, the record supports the sanctions imposed. For example, wife served her discovery requests on husband in mid-July of 2022. Husband responded by alleging that he could not respond within the original deadline due to a "near vision medical issue" and "brain fog from his COVID infection." However, when the circuit court requested that he provide evidence in support of his allegations, husband could only produce a referral for a cataracts examination and a copy of his contact lens prescription. In addition, the record reflects that husband's claimed "issues" did not impede him from filing numerous motions and letters with the circuit court during this same discovery period in which he claims to have been incapable of responding to written discovery. Hence, it was not an abuse of discretion for the circuit court to conclude from the record that husband's difficulties drafting written responses

and gathering documents manifested only when the alleged difficulties obstructed wife from receiving discovery.

Moreover, husband began litigating this claim in 2017 and has been afforded the opportunity to initiate the suit three separate times. Here, husband was afforded five months to respond to discovery before the circuit court entered an order compelling a response. That order compelling discovery refrained from immediately sanctioning husband and provided him an additional 30 days to respond. Hence, we cannot conclude that the sanction imposed by the circuit court was not "just" in light of husband's conduct. *Nolte*, 284 Va. at 94 (quoting Rule 4:12(b)(2)). Thus, we find no abuse of discretion here as the circuit court sanctioned husband and dismissed the third iteration of his personal injury suit in response to his failure to abide by the circuit court's discovery order.[3]

C. *The circuit court did not abuse its discretion by denying husband's request for a continuance.*

Husband also assigns error to the circuit court's denial of his requested continuance of the December 9, 2022 hearing. He asserts that the denial was improper since he had previously objected to that date because he was unavailable. We disagree.

"The decision of whether to grant a continuance is committed to the discretion of the circuit court." *Shah v. Shah*, 70 Va. App. 588, 593 (2019). "A party challenging a circuit court's denial of a motion for a continuance must demonstrate both an 'abuse of discretion *and* resulting prejudice[.]'" *Bailey v. Commonwealth*, 73 Va. App. 250, 265 (2021) (alteration in original) (quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)).

---

[3] Husband also objects to the circuit court granting wife attorney fees; we note that the circuit court granted wife expenses, not fees, as she litigated *pro se*. Rule 4:12(b)(2) explicitly *requires* the circuit court to award expenses as part of a discovery sanction, unless "the failure was substantially justified or that other circumstances make an award of expenses unjust." Hence, we find no abuse of discretion in awarding wife her expenses in responding to husband's litigation, given his refusal to answer in kind.

Here, the record supports the circuit court's denial of husband's requested continuance. The circuit court found that despite receiving notice of the hearing, husband had failed to request a continuance through the court's calendar control system before failing to appear for the December 9 hearing. Husband had five months to answer discovery before the hearing, and he was afforded an additional month to answer discovery following the hearing. Even after that deadline expired, the circuit court did not dismiss the case until March 10, 2023—further suspending the judgment arising therefrom for an additional month. Husband failed to proffer any discovery responses and never sought permission to file responses, even if belatedly. The record reflects that husband had four months following the December 9 hearing to comply with discovery, thus, there is no evidence husband suffered prejudice when the circuit court denied his continuance request. Therefore, we find no error.

> D. *Husband has waived his claim that the circuit court erred in failing to recuse itself under Rule 5A:18.*

Finally, husband assigns error to the circuit court for failing to recuse. However, since husband failed to obtain a ruling on his recusal motion, he has waived this assignment of error pursuant to Rule 5A:18.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. It is well established in Virginia appellate practice that "when a party fails to obtain a ruling on a matter presented to a trial court, there is 'no ruling [for this Court] to review on appeal.'" *Bethea v. Commonwealth*, 68 Va. App. 487, 498 (2018) (alteration in original) (quoting *Schwartz v. Commonwealth*, 41 Va. App. 61, 71 (2003)); *see also Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993) ("[Defendant] failed to obtain a ruling from the court. He requested no relief. Because he was denied nothing by the trial court, there is no ruling for us to review.").

Although he filed a motion to recuse, husband never docketed it or obtained a ruling. As a result, that claim is waived and not preserved for appeal. *Fisher*, 16 Va. App. at 454. Thus, we do not reach husband's recusal claim on appeal.

## III. CONCLUSION

For all of these reasons, we do not disturb the judgment of the circuit court.

*Affirmed.*