## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### HOLLY v. COMMONWEALTH.

#### June 13, 1912.

1. CRIMINAL LAW—*Indictment—Larceny of Money—How Described.*—
   Under the provisions of section 4994 of the Code, in an indictment
   for the larceny of money, it is sufficient to describe it as United States
   currency.

2. CRIMINAL LAW—*Indictment for Larceny—Allegation and Proof—
   Variance.*—Where the indictment charged larceny from the person
   of the owner of three notes of United States currency of the value of
   twenty dollars, and the evidence showed that, while a confederate
   held the owner, the accused took from his pocket one ten dollar bill,
   one five dollar bill, five one dollar bills, and sixty-five cents in frac-
   tional coin, there was no such variance between the allegation and
   proof as entitled the accused to have a verdict of guilty set aside.
   The indictment sufficiently charged the stealing of one note for ten
   dollars and two for five dollars each, and the evidence sustained the
   charge as to one note for ten dollars and one for five dollars. It was
   not necessary for the Commonwealth to prove the stealing of all the
   notes charged in the indictment.

Error to a judgment of the Circuit Court of Tazewell county.

*Affirmed.*

The opinion states the case.

*Minter & Minter*, for the plaintiff in error.

*Samuel W. Williams, Attorney General*, for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

The accused, Hampton Holly, was found guilty of grand larceny,
and sentenced to confinement in the penitentiary for one year.

There are only two assignments of error which need be noticed. The first is to the action of the court in overruling a motion to quash the indictment for alleged insufficiency in the description of the money which is the subject of the larceny.

The indictment charges larceny from the person of the owner of three notes of United States currency, of the value of twenty dollars. Va. Code, 1904, section 3707.

In *Leftwich's Case*, 20 Gratt. (61 Va.) 716, the court held an indictment for the larceny of United States currency bad, since that was a general term, and not a sufficient designation of the kind of money charged to have been stolen. In consequence of this decision the statute now incorporated in the Code, section 4994, was passed.

The last paragraph of that section provides: "And in a prosecution for the larceny of United States currency * * * it shall be sufficient if the accused be proved guilty of the larceny of national bank notes or United States treasury notes, certificates for either gold or silver coin, fractional coin, currency, or any other form of money issued by the United States Government, * * * although the particular species be not proved."

After this enactment, in *Dull's Case*, 25 Gratt. (66 Va.) 965, it was held that "an indictment for the larceny of divers notes of the 'national currency of the United States,' is equivalent to the phrase in the statute of 'United States currency'; and the indictment is sufficient."

The obvious purpose of the statute is to prevent the escape from punishment of guilty parties by imposing upon the prosecution the difficult, and, in most instances, impossible, task of describing with precision the particular species of stolen money. The present indictment is plainly within the terms of the statute, and is sufficient.

The last assignment of error is to the refusal of the court to grant the accused a new trial because of supposed material variance between the allegations of the indictment and the facts proved.

As observed, the offense charged is larceny from the person of the owner of three notes of United States currency of the value of twenty dollars. That allegation is the equivalent of the charge of larceny of three notes, one for ten dollars and two for five

dollars each, since three notes of those denominations are neces-
sary to amount in the aggregate to twenty dollars.

The evidence showed that, while a confederate held the owner,
the accused took from his pocket one ten dollar bill, one five
dollar bill, five one dollar bills, and sixty-five cents in fractional
coin.    And it is contended that this variance between the alle-
gation and proof is fatal.

Discrepancies as to value of property stolen between the in-
dictment and evidence are contemplated by the statute (Code,
sec. 4043), which provides that in a prosecution for grand larceny
the accused may be found guilty of petit larceny, or in a prosecu-
tion for petit larceny he may be found guilty of that offense
though a case of grand larceny be proved.

But upon common law principles the contention cannot be
maintained.

In 2 Bishop on Criminal Procedure, section 712, the rule is
correctly stated as follows:  *"More Proved Than Alleged—Less—
Part Insufficiently Described.*—If the proof shows that more articles
were stolen at the same time than the indictment charges against
the defendant, this will be no variance, for in all criminal cases the
allegation may cover less ground than the actual transaction
covered.  So, on the other hand, if there is less proved than
charged, there may be a verdict and judgment sustaining so much
of the allegation as the proof covers.    Likewise, if the indictment
is for the larceny of several articles, and one of them is insuffi-
ciently described, and there is a general verdict, judgment may be
rendered against the defendant as for the articles of which the
description is adequate."

The object of the rule invoked is to protect the accused against
a second prosecution for the same offense.

In 12 Cyc. 280, b, (a treatise on Criminal Law by H. C. Un-
derhill, assisted by William Lawrence Clark), it is said: "A test
almost universally applied to determine the identity of the of-
fenses is to ascertain the identity, in character and effect, of the
evidence in both cases.    If the evidence which is necessary to
support the second indictment was admissible under the former,
related to the same crime, and was sufficient, if believed by the
jury, to have warranted a conviction of that crime, the offenses

are identical, and a plea of former conviction or acquittal is a bar."

So, at page 289, (6), the rule is thus stated: "The theft of several articles at one and the same time constitutes an indivisible offense, and a conviction or acquittal of any one or more of them is a bar to a subsequent prosecution for the larceny of the others."

Tested by these well-settled principles, the accused could not have been jeopardized by the ruling of which he complains.

The judgment of the circuit court is plainly right, and is affirmed.

*Affirmed.*