Present: All the Justices

ALPHONSO STEPHENS

OPINION BY JUSTICE LEROY R. HASSELL, SR.

v. Record No. 010852          January 11, 2002

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

I.

In this appeal, we consider whether a defendant was subjected to multiple punishments for the same offense in contravention of the Double Jeopardy Clauses in the Fifth Amendment to the Constitution of the United States and Article I, § 8 of the Constitution of Virginia.

A.

Alphonso Stephens was tried by a jury in the County of Pittsylvania for two counts of shooting at an occupied vehicle in violation of Code § 18.2-154, and two counts of discharging a firearm while in a motor vehicle in violation of Code § 18.2-286.1. The jury found the defendant guilty of these crimes and fixed his punishment at a total of four years and 12 months imprisonment plus $2,000 in fines.

The defendant argued in the circuit court that his two convictions for shooting at an occupied vehicle and his two convictions for shooting from a vehicle constitute violations of his right not to be placed in jeopardy twice for the same offense. The circuit court disagreed with the defendant and

entered a judgment confirming the verdicts. The defendant appealed that judgment to the Court of Appeals, which affirmed the judgment. Stephens v. Commonwealth, 35 Va. App. 141, 543 S.E.2d 609 (2001). The defendant appeals the judgment of the Court of Appeals.

B.

As required by established principles of appellate review, we will recite the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party in the circuit court, and we will accord the Commonwealth the benefit of all inferences fairly deducible from that evidence. Remington v. Commonwealth, 262 Va. 333, 338, 551 S.E.2d 620, 624 (2001). During the evening of May 7, 1999, Calvin Fitz was driving a Ford automobile on State Route 360 in Pittsylvania County. Bernard Fitz, III, Calvin Fitz' cousin, was in the front passenger seat of the car. Rontrell Petty was in the back seat of the car.

As Calvin Fitz was driving his car, he saw a car with blinking lights approach him from the rear. Calvin Fitz "slowed down a little bit," and the other car, driven by the defendant, "pulled beside" Fitz' car. The defendant, who had problems in the past with Bernard Fitz, "yelled" and "waved his hands." Bernard Fitz told Calvin Fitz to "hit the gas and

2

keep on going." Calvin Fitz "hit the gas," and the defendant pursued Fitz' vehicle.

During the ensuing chase, Calvin Fitz drove his car at speeds between 85 and 90 m.p.h. The defendant turned his car lights off and began to shoot his pistol in the direction of Calvin Fitz' car. Christopher Jones, a passenger in the defendant's car, testified that he saw the defendant shoot the pistol approximately twice at Calvin Fitz' car.

Calvin Fitz testified that he saw the defendant shoot the pistol twice. He stated:

"Q: Do you know whether or not any of these shots hit the car?

"A: Yes sir.

"Q: Was anyone in your car hit?

"A: No sir, but me.

"Q: Where were you hit?

"A: In my back twice.

"Q: Okay. Do you know about how fast you were going when you saw the gun shots?

"A: Well, I was probably going 'bout maybe 85-90. I mean, the speeds varied at times 'cause we was going around curves, and I was going, I mean at one time I could have been going 80. At one time I could have been going 85. Another time I could have been going 90. I mean, it depends on like if I was in a curve or not. I mean, I really couldn't like, I could tell you, but I couldn't tell you.

"Q: Were you speeding?"

"A: Yes sir, I was speeding. I could tell you that much.

"Q: When the car, when the gun shots happened, did the car stay with you or did it fall back at any point?

"A: Every time he shot, every time I heard a shot and I looked back and I saw the shots the car would drop back a little bit. Then it would speed back up and then shoots again to drop back a little bit."

## II.

Code § 18.2-154 states in part:

"Any person who maliciously shoots at . . . any motor vehicle or other vehicles . . . occupied by one or more persons, whereby the life of any person . . . in such motor vehicle . . . may be put in peril, shall be guilty of a Class 4 felony. . . .
"If any such act is committed unlawfully, but not maliciously, the person so offending shall be guilty of a Class 6 felony and, in the event of the death of any such person, resulting from such unlawful act, the person so offending shall be deemed guilty of involuntary manslaughter."

Code § 18.2-286.1 states:

"Any person who, while in or on a motor vehicle, intentionally discharges a firearm so as to create the risk of injury or death to another person or thereby cause another person to have a reasonable apprehension of injury or death shall be guilty of a Class 5 felony. Nothing in this section shall apply to a law-enforcement officer in the performance of his duties."

The defendant argues that his two separate convictions for shooting into an occupied vehicle and his two separate convictions for shooting from a vehicle violate his double jeopardy guarantees. The defendant asserts that his acts of

4

firing a pistol repeatedly from his car constituted a single act and not a series of separate and distinct acts that would warrant separate indictments and separate punishments.  The defendant "maintains that in the absence of a showing that the shots constituted separate and distinct acts performed at separate times," he cannot be convicted of two counts of violating Code § 18.2-154 and two counts of violating Code § 18.2-286.1.  We disagree with the defendant's contentions.

The federal constitutional provision concerning double jeopardy embodies three guarantees:  "[i]t protects against a second prosecution for the same offense after acquittal[; i]t protects against a second prosecution for the same offense after conviction[; a]nd it protects against multiple punishments for the same offense."  North Carolina v. Pearce, 395 U.S. 711, 717 (1969) (footnotes omitted), overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989); accord Illinois v. Vitale, 447 U.S. 410, 415 (1980); Whalen v. United States, 445 U.S. 684, 688 (1980); Brown v. Ohio, 432 U.S. 161, 165 (1977); Blythe v. Commonwealth, 222 Va. 722, 725, 284 S.E.2d 796, 797 (1981).  Virginia's constitutional guarantee against double jeopardy affords a defendant the same guarantees as the federal Double Jeopardy Clause.  Bennefield v. Commonwealth, 21 Va. App. 729, 739-40, 467 S.E.2d 306, 311 (1996); Peterson v. Commonwealth, 5 Va. App. 389, 394, 363

S.E.2d 440, 443 (1987); see, e.g., Walton v. City of Roanoke, 204 Va. 678, 682, 133 S.E.2d 315, 318 (1963).

The litigants agree that in this case the defendant's convictions occurred in a single trial and the only double jeopardy guarantee pertinent to this appeal is the guarantee against multiple punishments.[*] See Blythe, 222 Va. at 725, 284 S.E.2d at 797-98. We have stated:

> "In the single-trial setting, 'the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.' Brown v. Ohio, 432 U.S. 161, 165 (1977). And, 'the question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized.' Whalen v. United States, 445 U.S. 684, 688 (1980). Or, stated another way, 'the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed.' Whalen, 445 U.S. at 698 (Blackmun, J., concurring). See also Busic v. United States, 446 U.S. 398, 413 (1980) (Blackmun, J., concurring)."

Blythe, 222 Va. at 725-26, 284 S.E.2d at 798. Additionally, the Supreme Court has stated that "[w]ith respect to

---

[*] The defendant does not dispute the established principle that "two or more distinct and separate offenses may grow out of a single incident or occurrence, warranting the prosecution and punishment of an offender for each." Jones v. Commonwealth, 208 Va. 370, 375, 157 S.E.2d 907, 910 (1967). We also note that the test in Blockburger v. United States, 284 U.S. 299 (1932) is not implicated in this appeal because the statutes at issue and the charged offenses require "proof of a fact which the other does not." Id. at 304.

cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983); accord Jones v. Thomas, 491 U.S. 376, 381 (1989).

Upon our review of the record, we conclude that the defendant did not receive multiple punishments for the same offense. Instead, the record demonstrates that each shot that the defendant discharged from his firearm was a separate, identifiable act. For example, as we have already stated, the victim testified that each time the defendant "shot" the pistol, the defendant's "car would drop back a little bit. Then [the car] would speed back up and then [the defendant] shoots again." And, the defendant essentially concedes in his brief that his double jeopardy guarantees would not be abridged if his acts of discharging the firearm constituted "separate and distinct acts performed at separate times."

The defendant also argues that our decision in Holly's Case, 113 Va. 769, 75 S.E. 88 (1912), supports his contention that his acts of firing a pistol constitute a single violation of Code §§ 18.2-154 and -286.1. We disagree.

In Holly's Case, we stated the following rule: "The theft of several articles at one and the same time constitutes

an indivisible offense, and a conviction or acquittal of any one or more of them is a bar to a subsequent prosecution for the larceny of the others."  Id. at 772, 75 S.E. at 89.  This rule is not applicable here because it "applies only to a case involving multiple larceny prosecutions predicated upon the theft of multiple articles stolen contemporaneously."  Jones v. Commonwealth, 218 Va. 757, 761, 240 S.E.2d 658, 661, cert. denied, 439 U.S. 892 (1978).

III.

We conclude that the defendant's right not to be placed twice in jeopardy for the same offense was not violated in this case.  Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.