COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Frank and Senior Judge Bray
Argued at Chesapeake, Virginia


MARTIN LEVETTE HINES
                                            OPINION BY
v.    Record No. 0481-02-1        JUDGE ROBERT P. FRANK
                                         FEBRUARY 25, 2003
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Patricia L. West, Judge

          David Michael Good for appellant.

          Jennifer R. Franklin, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Martin Levette Hines (appellant) was convicted in a bench

trial of five counts of forging a public record, in violation of

Code § 18.2-168.  On appeal, he contends the trial court erred

in convicting him of five counts of the offense when only one

offense was committed.  For the reasons stated below, we affirm

the judgments of the trial court.

                          BACKGROUND

     The facts are not in controversy.  On March 11, 2000, after

observing a car force other vehicles off the road, Virginia

Beach Police Officer Eric Livingston activated his emergency

equipment and pursued the offending car.  Committing additional

traffic offenses, the car accelerated and then drove down a dead

end street.  At this point, the driver jumped out and attempted

to flee. The officers caught the driver and escorted him back to their police car.

Appellant, the driver, did not have any identification. Officer Livingston asked for his name. Appellant said he was "Antoine Fernando Hines," in actuality, the name of his brother. Appellant also gave his brother's birthday and social security number. Livingston checked the name, birth date, and social security number. He discovered "Antoine Fernando Hines" had only a learner's permit for driving.

Based on this information and his observations of appellant's driving, Officer Livingston prepared five separate summonses for failure to have the vehicle's registration, driving down the center line of the road, driving on the shoulder, disregarding a red light, and driving with a learner's permit without a licensed driver. The officer took appellant to the magistrate, where appellant falsely signed each summons with "Antoine Hines."

Appellant testified his true name was Martin Levette Hines, and his birthday was actually January 31, 1971. He knew outstanding arrest warrants under the name of Martin Hines were on file at the time the police attempted to stop him. He acknowledged he had a brother named Antoine Fernando Hines, but denied providing the officer with Antoine's birthday and social security number. Appellant admitted signing each summons with his brother's name.

In his closing argument, appellant argued only one crime occurred with only one intent: to avoid the outstanding warrants. Appellant asked the trial court to strike all but one charge of forging a public record. The trial court declined to do so.

ANALYSIS

Appellant asserts the trial court erred in convicting him of five counts of forging public documents. He maintains Code § 18.2-168 should be interpreted to allow only one conviction under the facts of this case. In support of this argument, appellant asks us to extend the underlying rationale of the "single larceny doctrine" to non-larceny offenses. He contends that, in signing the five summonses, he acted pursuant to a "single impulse and in execution of a general fraudulent scheme," citing Richardson v. Commonwealth, 25 Va. App. 491, 496, 489 S.E.2d 697, 700 (1997) (en banc). While appellant correctly states the "single larceny doctrine," that doctrine has no applicability to non-larceny cases.

Although appellant contends "Virginia case law is replete with cases extending the single larceny doctrine to other than larceny-based offenses," we find no such cases, and he cites none. Recently, the Supreme Court of Virginia was invited to extend the "single larceny doctrine" to multiple counts of shooting at an occupied vehicle and discharging a firearm while

- 3 -

in a motor vehicle.  In Stephens v. Commonwealth, the Court
stated:

> In Holly's Case, [113 Va. 769, 75 S.E. 88
> (1912),] we stated the following rule: "The
> theft of several articles at one and the
> same time constitutes an indivisible
> offense, and a conviction or acquittal of
> any one or more of them is a bar to a
> subsequent prosecution for the larceny of
> the others."  Id. at 772, 75 S.E. at 89.
> This rule is not applicable here because it
> "applies only to a case involving multiple
> larceny prosecutions predicated upon the
> theft of multiple articles stolen
> contemporaneously."  Jones v. Commonwealth,
> 218 Va. 757, 761, 240 S.E.2d 658, 661, cert.
> denied, 439 U.S. 892 (1978).

263 Va. 58, 63, 557 S.E.2d 227, 230 (2002).  We do not find the
"single larceny doctrine" has been broadly applied in Virginia.

Appellant asks us to consider a federal appellate opinion,
Thomas v. Kerby, 44 F.3d 884 (10th Cir. 1995), which applied New
Mexico's single larceny doctrine to multiple convictions for
forgery and uttering.  "Significantly," however, the New Mexico
courts had applied this doctrine more broadly than the Virginia
courts have.  See id. at 887-88.  The federal court also noted a
"basic similarity between larceny . . . and the taking of funds
by transfer of a forged or worthless instrument" when it
extended New Mexico's single larceny rule.  Id. at 888 n.3.
Forgery of a public document and larceny, however, do not
exhibit the same similarity.

Larceny involves the loss of property.  See Jones v.
Commonwealth, 3 Va. App. 295, 300-01, 349 S.E.2d 414, 417-18

- 4 -

(1986) (explaining the gravamen of the crime of larceny is the taking of property from its owner).  See, e.g., Quidley v. Commonwealth, 221 Va. 963, 966, 275 S.E.2d 622, 624-25 (1981) (noting the gravamen of theft by fraud "is the obtainment of ownership of property," although ultimate loss "is immaterial").  In contrast, the Supreme Court of Virginia concluded, after an extensive review of the history of the common law offenses of forging a public document and forging private papers, that actual prejudice to the public's ownership rights is not a necessary element of the crime of forging a public document.  Campbell v. Commonwealth, 246 Va. 174, 179-82, 431 S.E.2d 648, 651-53 (1993).  The Court noted:

> "At Common Law the Counterfeiting a Matter of Record is Forgery; for since the Law gives the highest Credit to all Records, it cannot but be of the utmost ill Consequence to the Publik to have them either forged or falsified."  2 Matthew Bacon, Abridgment *568 (1786).  The common-law crime of forgery of public records, a capital offense in England, was augmented by statutes punishing the lesser offense of forgery of certain private documents.  See, e.g., An Act Concerning Counterfeit Letters or Privy Tokens to Receive Money or Goods in Others Men's Names, 1541-42, 33 Hen. VIII, ch. 1 (Eng.).  Unlike the crime of forgery of public records in which "ill Consequence to the Publik" was conclusively presumed, and unlike the common-law crime of forgery of private papers in which proof of potential harm or prejudice to another was required, conviction of the several statutory offenses generally required proof of actual harm or prejudice to the rights of another person.  See 1 Hawkins at 263 n. 1; 2 Bacon at *568.

Id. at 179-80, 431 S.E.2d at 651 (emphasis in original). The Court further reviewed the legislative history and the scheme of the Virginia forgery statutes and concluded "that harm or prejudice to the right of another person has never been and is not now an element of the crime of forgery of public records in this Commonwealth." Id. at 184, 431 S.E.2d at 654.

As the crime of forgery of a public document does not require personal loss of ownership, appellant's comparison to larceny is inapposite. Therefore, we will not extend the single larceny doctrine to cases involving Code § 18.2-168.

Additionally, the language and structure of the Code prove the legislature intended to allow multiple forgery convictions in situations such as the one before us. Code § 18.2-168 states:

> If any person forge a public record, or certificate, return, or attestation, of any public officer or public employee, in relation to any matter wherein such certificate, return, or attestation may be received as legal proof, or utter, or attempt to employ as true, such forged record, certificate, return, or attestation, knowing the same to be forged, he shall be guilty of a Class 4 felony.

(Emphasis added.) While criminal statutes must be construed strictly against the Commonwealth and in favor of the accused, Johnson v. Commonwealth, 211 Va. 815, 819, 180 S.E.2d 661, 664 (1971), when the language of a statute is clear and unambiguous, a court will give the statute its plain meaning, Tross v. Commonwealth, 21 Va. App. 362, 377-78, 464 S.E.2d 523, 530

- 6 -

(1995).  We also note, "The legislature in its discretion may determine the appropriate 'unit of prosecution' and set the penalty for separate violations."  Jordan v. Commonwealth, 2  Va. App. 590, 594, 347 S.E.2d 152, 154 (1986).  An analysis of the concept of "a public record" and a summons[1] proves the legislature intended to allow multiple prosecutions for contemporaneous forgeries of such documents.

At common law, a public record was "a written memorial, intended to serve as evidence of something written, said or done, made by a public officer authorized to make it."  Reid v. Commonwealth, 16 Va. App. 468, 470, 431 S.E.2d 63, 64 (1993) (citing Coleman v. Commonwealth, 66 Va. (25 Gratt.) 865, 881-82 (1874)).  Under the Virginia Public Records Act, a public record is defined as:

> recorded information that documents a transaction or activity by or with any public officer, agency or employee of the state government or its political subdivisions.  Regardless of physical form or characteristic, the recorded information is a public record if it is produced, collected, received or retained in pursuance of law or in connection with the transaction of public business.

Code § 42.1-77.

A summons is one type of public record.  An officer takes the name and address of a person who has committed a crime and "issue[s] a summons . . . to appear at a time and place to be specified in such summons."  Code § 19.2-74(A)(1), (2).  See also Rule 7C:3(d) (defining a summons).  The person then gives "his

---

[1] Appellant does not argue a summons is not a public record.

- 7 -

written promise to appear at such time and place" before the officer releases him from custody.  Code § 19.2-74(A)(1), (2). "Any person refusing to give such written promise to appear under the provisions of [Code § 19.2-74] shall be taken immediately by the arresting or other police officer before a magistrate or other issuing authority having jurisdiction . . . ."  Code § 19.2-74(A)(3).

A summons becomes the charging document on which a general district court tries an accused.  Code § 16.1-129.  If the accused "willfully violates his written promise to appear" in court, given when he signed the summons, he can be convicted for failure to appear under Code § 19.2-128, "regardless of the disposition of, and in addition to, the charge upon which he was originally arrested."  Code § 19.2-74(A)(3).  See also Rule 7C:3(b).

Given this statutory scheme, each signed summons clearly can constitute a separate offense under Code § 18.2-168.  In this case, each summons related to a different violation of the traffic code.  Each summons was a promise by appellant to appear in court on one of the infractions.  Each failure to appear on any summons is a separate offense.  Code § 19.2-74(A)(3).  Each infraction listed on the separate summonses could have been tried separately.  Rule 7C:4(c).  Fees are collected on each conviction from each summons.  Code § 17.1-275(A)(11).  The clerk of the general district court must send an abstract of the record for each infraction to the Division of Motor Vehicles.  Code § 46.2-383.

- 8 -

The Code does not treat five summonses, issued at the same time, as one "public document."  Each summons has a separate existence with separate consequences and effects.  Additionally, Code § 18.2-168 plainly states a person is guilty if he forges "a public record," not public records generally.

We conclude the trial court did not err in convicting appellant of five separate counts of forging a public record. Each summons constituted a separate public record.

<u>Affirmed.</u>