FITZPATRICK, C.J.,
concurring.
I respectfully concur with the majority opinion in affirming appellant’s convictions and in its holding that the “single larceny doctrine” does not apply to the crime of arson. See Stephens v. Commonwealth, 263 Va. 58, 557 S.E.2d 227 (2002). This doctrine “applies only to a case involving multiple larceny prosecutions predicated upon the theft of multiple articles stolen contemporaneously.” Id. at 63, 557 S.E.2d at 230 (internal citation and quotation omitted) (emphasis added). *77 This clearly states the applicable law and covers the factual scenario presented in the instant case of one point of origin and three separate, unattached pieces of property burned.
However, I believe the majority’s further statutory analysis leaves open the possibility of an absurd result. “Code § 18.2-81, by its plain language, creates a single and separate unit of prosecution for each item of personal property destroyed as a result of arson.” (Majority opinion at 75, 581 S.E.2d at 898) (emphasis added). This could be construed as permitting a separate arson prosecution for every item destroyed in a home or car, such as a shoe, a sock, a pillow, etc. The majority’s interpretation of the statute fails to acknowledge that “[w]e must determine the General Assembly’s intent from the words appearing in the statute, unless a literal construction of the statute would yield an absurd result.” Earley v. Landsidle, 257 Va. 365, 370, 514 S.E.2d 153, 155 (1999).
For the foregoing reasons, I concur in the result.