CLEMENTS, Judge.
Phillip James Ostrander (appellant) was convicted and sentenced for solicitation to commit murder, in violation of Code § 18.2-29, and attempted capital murder for hire, in violation of Code §§ 18.2-31(2) and 18.2-25. On appeal, appellant contends his prosecution for attempted murder for hire was barred on double jeopardy grounds by his guilty plea to the solicitation to commit murder offense. Alternatively, he contends the imposition of sentences for both offenses violated the constitutional prohibition against multiple punishments for the same offense. Finding no error, we affirm appellant’s convictions and sentences.
I. BACKGROUND
As a result of appellant’s efforts “on or about August 28, 2005” to have the purported paramour of his estranged wife killed, appellant was indicted by a grand jury for attempted capital murder and for solicitation to commit murder. At the beginning of the trial on those charges, appellant pled guilty to the solicitation to commit murder charge. He then moved to dismiss the attempted capital murder for hire charge, arguing the prosecution of that charge was barred on double jeopardy grounds because solicitation to commit murder is a lesser-included offense of attempted capital murder for hire. The trial judge accepted appellant’s guilty plea and took appellant’s motion to dismiss under advisement. Immediately thereafter, appellant pled not guilty to the attempted capital murder for hire charge and was tried by a jury on that charge.
At the close of the Commonwealth’s evidence, appellant renewed his double jeopardy motion to dismiss the attempted capital murder for hire charge, asserting that no evidence was presented “that would separate” the attempted capital murder *390 for hire charge from the solicitation to commit murder charge. “[I]n order to hire somebody to commit a capital murder,” defense counsel argued, “you have to solicit them. It’s part and parcel in the hiring.”
In response, the prosecutor argued that the evidence established that appellant committed two “distinct offenses:”
One, we have solicitation where the defendant asks [his acquaintance in July 2005] to arrange for the killing of [appellant’s wife’s purported paramour]. That would be enough for the court to find him guilty of solicitation to commit murder, just for asking another individual to do' that. Then we have attempted capital murder which requires the overt yet ineffectual act to commit the crime of murder. [On August 28, 2005,] we have the defendant showing the undercover hit man and [the acquaintance] around town where the locations of the hit could occur. We also have the defendant handing over cash to them. This is an overt act toward the commission of the murder.
The trial judge replied that the Commonwealth’s position “may well be true” if the Commonwealth had chronologically distinguished the two offenses in the indictments, “but the indictments allege that both offenses occurred on August 28th.”
Acknowledging he understood the judge’s view, the prosecutor further argued that, even when limited to the date alleged in the indictments, the evidence still established two distinct crimes. Apparently rejecting the Commonwealth’s argument, the trial judge returned to appellant’s double jeopardy argument, noting that, even if “solicitation to commit murder [were] a lesser included offense of attempted capital murder, ... the defendant may be barred from being convicted of both, but he doesn’t get to pick which one he’s convicted of.” Wanting to consider the matter further, however, the trial judge again took appellant’s motion to dismiss the attempted capital murder for hire charge under advisement.
At the close of all the evidence, appellant again renewed his motion and the trial judge continued to take it under advise *391 ment. The jury found appellant guilty of attempted capital murder for hire and recommended a sentence of thirty years’ imprisonment.
At the sentencing hearing, the trial judge heard further argument on appellant’s double jeopardy motion to dismiss the attempted capital murder for hire charge. Concluding that the “simultaneous prosecution” of the two charges was not barred on double jeopardy grounds, the trial judge denied the motion. Further concluding that, when “examined in the abstract rather than with reference to the facts of the particular case that’s under review,” solicitation to commit murder and attempted capital murder for hire were “separate offenses,” the judge also denied appellant’s subsequent double jeopardy motion to vacate the solicitation to commit murder charge and impose sentence solely on the attempted capital murder for hire charge. The judge then convicted appellant, upon his guilty plea, of solicitation to commit murder; sentenced appellant on that conviction to ten years’ imprisonment, with all years suspended upon certain conditions; and imposed the thirty-year sentence fixed by the jury on the attempted capital murder for hire conviction.
This appeal followed.
II. ANALYSIS
On appeal, appellant contends the trial judge erred in denying his double jeopardy motion to dismiss the attempted capital murder for hire charge. Alternatively, he contends the trial judge erred in denying his subsequent double jeopardy motion to vacate the solicitation to commit murder charge and impose sentence solely on the attempted capital murder for hire charge. We disagree with both contentions.[1]
*392 The Double Jeopardy Clauses of the United States and Virginia Constitutions protect “against a second prosecution for the same offense after either an acquittal or a conviction of that offense and against multiple punishments for the same offense.” Coleman v. Commonwealth, 261 Va. 196, 199, 539 S.E.2d 732, 733 (2001); see Stephens v. Commonwealth, 263 Va. 58, 62, 557 S.E.2d 227, 230 (2002) (“Virginia’s constitutional guarantee against double jeopardy affords a defendant the same guarantees as the federal Double Jeopardy Clause.”). The prohibition against successive prosecutions for the “same offense,” however, does not apply where the defendant is tried in a single trial. See Ohio v. Johnson, 467 U.S. 493, 500, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984) (“While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution.”); Clagett v. Commonwealth, 252 Va. 79, 95, 472 S.E.2d 263, 272 (1996) (“Generally, a defendant cannot be placed in jeopardy more than once for a single criminal act. However, the state may, under one or multiple indictments, charge a defendant using multiple theories concerning the same crime or greater and lesser crimes arising out of the same act or transaction. In such cases, the prohibition against ‘multiple prosecution’ double jeopardy does not apply so long as the defendant is arraigned and tried in a single proceeding.”). Indeed, “[i]n the single-trial context ..., ‘the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.’ ” West v. Dir. of the Dep’t of Corr., 273 Va. 56, 63, 639 S.E.2d 190, 195 (2007) (quoting Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1980)).
Nonetheless, appellant argues his guilty plea to the solicitation to commit murder charge barred any further prosecution on the attempted capital murder for hire charge. Inherent in appellant’s argument is the claim that the trial judge’s acceptance of appellant’s guilty plea on the solicitation *393 charge and appellant’s further prosecution on the attempted capital murder charge constituted two separate prosecutions and were thus subject to the constitutional prohibition against successive prosecutions for the “same offense.” Such an assertion, however, runs directly counter to the settled principle that a defendant’s election to plead guilty at trial to one charge and not guilty to another charge arising from the same criminal act “neither ‘transform[s] the single prosecution into two separate prosecutions nor capture[s] for [the defendant] any special protections against successive prosecutions under the [D]ouble [J]eopardy [C]lause.’ ” Rea v. Commonwealth, 14 Va.App. 940, 944, 421 S.E.2d 464, 467 (1992) (quoting Walker v. Commonwealth, 14 Va.App. 203, 205-06, 415 S.E.2d 446, 447 (1992)); see also Stevens v. Commonwealth, 14 Va.App. 238, 242-43, 415 S.E.2d 881, 884 (1992) (holding that the defendant’s prosecution for conspiracy to commit murder and the trial court’s previous acceptance of the defendant’s guilty pleas to other charges arising from the same criminal act did not constitute “successive prosecutions”).
In Rea, the appellant in that case was charged with three counts of capital murder and three counts of first-degree murder, all arising from the same incident. 14 Va.App. at 942-43, 421 S.E.2d at 466. After pleading guilty to the first-degree murder charges, the appellant was convicted by a jury on the capital murder charges. Id. at 943, 421 S.E.2d at 466. On appeal, the appellant argued his pleading guilty to the first-degree murder charges “forestalled prosecution of the capital murder charges under principles of constitutional double jeopardy.” Id. at 944, 421 S.E.2d at 467. This Court rejected appellant’s argument, noting as follows:
[I]n Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), the United States Supreme Court expressly held that prosecution of a greater offense is not constitutionally prohibited following a guilty plea to a lesser included offense during a single trial. Id. at 494, 104 S.Ct. at 2538. The Court noted that the defendant “offered only to resolve a part of the charges against him” and, “notwithstanding the trial court’s acceptance of [his] guilty pleas,” he *394 was not “entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges.” Id. at 501-02, 104 S.Ct. at 2542.
The Court rejected the notion that “trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt ... on one count ... immediately raises a double jeopardy bar to continued prosecution on any remaining counts.” Id. at 501, 104 S.Ct. at 2542. Such circumstances do not “constitute the type of ‘multiple prosecution’ prohibited by the Double Jeopardy Clause.” Id. at 494, 104 S.Ct. at 2538. Thus, the defendant’s tendered guilty pleas to first-degree murder did not bar the Commonwealth from pursuing the capital murder charges.
Id. at 944-45, 421 S.E.2d at 467-68 (alteration in original).
In this case, as in Rea, both charges against appellant were issued on the same day by the same grand jury, and appellant was arraigned on both charges at the same proceeding. It is clear, therefore, that the trial judge’s acceptance of appellant’s guilty plea on the solicitation charge and appellant’s prosecution on the attempted capital murder charge were both part of the same trial on the two charges and thus constituted a single, simultaneous prosecution for double jeopardy purposes, rather than separate, successive prosecutions. Thus, the double jeopardy protection against successive prosecutions was not implicated.
Accordingly, as the trial judge correctly concluded, the simultaneous prosecution of the two charges was not barred on double jeopardy grounds. We hold, therefore, that the trial judge did not err in denying appellant’s motion to dismiss and permitting the Commonwealth to prosecute appellant on the attempted capital murder for hire charge.
The question remains, however, whether, in being sentenced for both crimes, appellant was improperly subjected to multiple punishments for the “same offense.” Appellant asserts his double jeopardy right to be free from such punishments was violated because solicitation to commit murder is a lesser-included offense of, and thus the “same offense” for *395 double jeopardy purposes, as attempted capital murder for hire. Consequently, appellant argues, his conviction for solicitation to commit murder should have been vacated. We disagree.
As alluded to earlier, although the double jeopardy protections permit a defendant to be simultaneously prosecuted for multiple crimes constituting the “same offense,” the defendant may not be cumulatively punished for those crimes. Johnson, 467 U.S. at 500, 104 S.Ct. at 2541; West, 273 Va. at 63, 639 S.E.2d at 195; see also Clagett, 252 Va. at 95, 472 S.E.2d at 272 (holding that, when prosecuted in a single trial for multiple crimes, “the accused cannot be subjected to more than one conviction and punishment for each discrete criminal act”); Schwartz v. Commonwealth, 45 Va.App. 407, 440, 611 S.E.2d 631, 647 (2005) (“[Subjecting a defendant to cumulative punishments for the ‘same offense’ violates both state and federal protections against double jeopardy.”). Thus, where a defendant is convicted in a single trial of two crimes constituting the “same offense,” the “proper remedy is to vacate both the conviction and sentence of the lesser ... offense while leaving in place the conviction and sentence on the greater offense.” Buchanan v. Commonwealth, 238 Va. 389, 415, 384 S.E.2d 757, 772 (1989).
Accordingly, we must determine whether the offense of solicitation to commit murder, under Code § 18.2-29, is the “same offense” for double jeopardy purposes as attempted capital murder for hire, under Code § 18.2-31(2). A “greater offense” is “by definition the ‘same’ for purposes of double jeopardy as any lesser offense included in it.” Brown, 432 U.S. at 168, 97 S.Ct. at 2227. Thus, where a defendant is simultaneously prosecuted for two offenses arising from the same criminal act, the test for determining if the two offenses are the “same offense” for double jeopardy purposes is “ ‘whether each [offense] requires proof of a fact which the other does not.’ ” West, 273 Va. at 63, 639 S.E.2d at 195 (alteration in original) (quoting Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)); see *396 Brown, 432 U.S. at 166, 97 S.Ct. at 2226 (“The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in Blockburger .... ”). “In applying this test, the two offenses must be considered in the abstract, rather than in the context of the facts of the particular case being reviewed.” West, 273 Va. at 63, 639 S.E.2d at 195.
Code § 18.2-29 provides, in pertinent part, that “[a]ny person who commands, entreats, or otherwise attempts to persuade another person to commit a murder is guilty of a felony punishable by confinement in a state correctional facility for a term not less than five years or more than forty years.” Code § 18.2-31(2) provides that “[t]he willful, deliberate, and premeditated killing of any person by another for hire” constitutes capital murder. Additionally, the crime of attempted capital murder for hire requires proof that the accused performed a direct act toward the commission of the contemplated murder. Ashford v. Commonwealth, 47 Va.App. 676, 681, 626 S.E.2d 464, 466 (2006).
Appellant concedes that the offense of attempted capital murder for hire requires proof of a fact that the offense of solicitation to commit murder does not—namely, that the accused performed a direct act toward the commission of the contemplated murder. See Wiseman v. Commonwealth, 143 Va. 631, 637-38, 130 S.E. 249, 251 (1925) (“Solicitation, or inciting to crime, does not proceed to the point of some overt act in the commission of crime. When it proceeds to this point it becomes an attempt to commit crime and is indictable as such.”); Ford v. Commonwealth, 10 Va.App. 224, 226, 391 S.E.2d 603, 604 (1990) (“[T]he act of solicitation may be completed before any attempt is made to commit the solicited crime.”). He argues, however, that a solicitation to commit murder conviction does not require proof of any fact that an attempted capital murder for hire conviction does not. “One cannot commit attempted capital murder for hire,” he asserts, “without first soliciting someone to commit the murder.” The gist of the crime, he further argues, “is that the defendant *397 solicited another individual to commit the murder.” Thus, appellant concludes, solicitation to commit murder is a lesser-included offense of attempted capital murder for hire.
Appellant’s argument, however, ignores the plain language of Code § 18.2-31(2), which allows an accused to be convicted of capital murder for hire if he either hires someone to do the killing, see Fisher v. Commonwealth, 236 Va. 403, 406-08, 374 S.E.2d 46, 47-49 (1988), or does the killing himself after having been hired by someone else to do it, see Stockton v. Commonwealth, 227 Va. 124, 145-46, 314 S.E.2d 371, 384-85 (1984). Plainly, an accused who does or attempts to do the killing himself after being hired by another to do so could not be convicted of solicitation to commit murder. He would be the “solicitee,” rather than the “solicitor.” Thus, proof that the accused solicited someone else to commit the murder would not be required in such cases.
It is clear, therefore, that, when considered in the abstract without reference to the particular facts of the instant case, a solicitation to commit murder conviction requires proof of a fact that an attempted capital murder for hire conviction does not—namely, that the accused solicited another person to commit a murder. Cf. Coleman, 261 Va. at 200, 539 S.E.2d at 734 (looking, when applying the Blockburger test, at the charged offenses in the abstract and considering, in doing so, the other offenses contemplated by the same statutory provisions). Consequently, solicitation to commit murder is not a lesser-included offense of attempted capital murder for hire and the two offenses are not the “same offense” for purposes of double jeopardy.
Hence, appellant was not subjected to multiple punishments for the “same offense.” Accordingly, we hold the trial judge did not err in denying appellant’s double jeopardy motion to vacate the solicitation to commit murder charge and impose sentence solely on the attempted capital murder for hire charge.
*398 III. CONCLUSION
For these reasons, we affirm appellant’s convictions and sentences.

Affirmed.

. For purposes of this appeal, we assume, without deciding, that the evidence established that appellant’s efforts "on or about August 28, 2005” to have the purported paramour of his estranged wife killed constituted one continuous criminal act, as appellant claims.