COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, McClanahan and Haley

JAVON JACKSON

                                              MEMORANDUM OPINION[*] BY

v.      Record No. 1784-07-2                 JUDGE ROBERT P. FRANK
                                             MAY 27, 2008

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

(Steven P. Hanna, on brief), for appellant. Appellant submitting on
brief.

(Robert F. McDonnell, Attorney General; Richard B. Smith, Special
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.

Javon Jackson, appellant, a juvenile, was convicted, in a jury trial, of brandishing a firearm,

in violation of Code § 18.2-282, and simple assault, in violation of Code § 18.2-57.[1] For the

reasons that follow, we affirm the trial court.

ANALYSIS

Appellant contends that his conviction for assault is barred by the Double Jeopardy Clause

of the Fifth Amendment of the United States Constitution, as he was convicted of brandishing a

firearm. Appellant maintains that assault is a necessary part of every act of brandishing a firearm

and, thus, the assault charge must merge into the brandishing charge.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of possession of a firearm by a juvenile and of
maliciously shooting into a vehicle; however, neither of these convictions is subject to this
appeal.

"The constitutional prohibition of double jeopardy consists of three separate guarantees: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." Dingus v. Commonwealth, 23 Va. App. 382, 386, 477 S.E.2d 303, 305 (1996). In a simultaneous prosecution, "the role of the [Double Jeopardy Clause] is 'limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments *for the same offense*.'" Stephens v. Commonwealth, 263 Va. 58, 62, 557 S.E.2d 227, 230 (2002) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)) (emphasis added).

Appellant concedes that the assault and brandishing charges were tried simultaneously. Thus, our only concern is whether appellant's convictions for assault and brandishing a firearm constitute "multiple punishments for the same offense." We must determine whether appellant's assault and brandishing convictions arose from the same criminal act. See Ostrander v. Commonwealth, 51 Va. App. 386, 391, 658 S.E.2d 346, 348 (2008) (analyzing a double jeopardy challenge in a simultaneous prosecution where the Court found that both charges arose from "one continuous criminal act"). Because we find that appellant's convictions for assault and brandishing a firearm arose from two separate and discrete criminal acts, we need not engage in a double jeopardy analysis.

"It is well settled that two or more distinct and separate offenses may grow out of a single incident or occurrence, warranting the prosecution and punishment of an offender for each." Jones v. Commonwealth, 208 Va. 370, 375, 157 S.E.2d 907, 910 (1967) (holding that the defendant could properly be charged with and convicted of breaking and entering with the intent to commit robbery and attempted robbery for the same criminal transaction without violating the principles of double jeopardy).

> A test of the identity of acts or offenses is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make a single act or offense where two separate acts or offenses are defined by statute.

Hundley v. Commonwealth, 193 Va. 449, 451, 69 S.E.2d 336, 337 (1952) (holding that driving under the influence and reckless driving are two separate criminal acts).

The Supreme Court of Virginia addressed this very issue in Stephens, 263 Va. 58, 557 S.E.2d 227. There, the defendant, who was driving his vehicle, fired a gun twice into another vehicle. Id. at 60, 557 S.E.2d at 228. He was convicted of two counts of shooting at an occupied vehicle and two counts of discharging a firearm while in a motor vehicle. Id. at 59, 557 S.E.2d at 228. The defendant claimed that these convictions violated the constitutional prohibition of double jeopardy, as "his acts of firing a pistol repeatedly from his car constituted a single act and not a series of separate and distinct acts that would warrant separate indictments and separate punishments." Id. at 61, 557 S.E.2d at 229. The Supreme Court rejected the defendant's argument, holding:

> Upon our review of the record, we conclude that the defendant did not receive multiple punishments for the same offense. Instead, the record demonstrates that *each shot that the defendant discharged from his firearm was a separate, identifiable act.* For example, as we have already stated, the victim testified that each time the defendant "shot" the pistol, the defendant's "car would drop back a little bit. Then [the car] would speed back up and then [the defendant] shoots again."

Id. at 63, 557 S.E.2d at 230. The Supreme Court opined that the defendant's discharging of the firearm twice constituted "separate and distinct acts performed at separate times." Id. at 62, 557 S.E.2d at 229.

Here, the facts, viewed in the light most favorable to the Commonwealth, Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877 (2003), show that the assault and brandishing offenses were separate and distinct acts performed at separate times.

The victim was fixing the stereo in his car when appellant approached him, cursing at him. The victim got out of his car, and appellant pointed a gun at the victim's chest. Appellant said, "I'll kill you right now." The victim testified that he was "scared." The victim got back into his car and sat down. Appellant walked away.

As the victim began to drive away, appellant, who was standing about 10 feet away, again pulled out a gun. The victim testified that he was "scared, shook up." The victim ducked as appellant pointed the gun at him and fired a shot into the victim's back window.

Code § 18.2-282 defines brandishing a firearm as "hold[ing] or brandish[ing] any firearm . . . in such a manner as to reasonably induce fear in the mind of another."

> "Assault" is defined at common law as "[a]n attempt or offer, with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; as . . . by levelling [sic] a gun at another within a distance from which, supposing it to be loaded, the contents might injure, or any similar act accompanied with circumstances denoting an intention coupled with a present ability, of using actual violence against the person of another."

Bennett v. Commonwealth, 35 Va. App. 442, 449, 546 S.E.2d 209, 212 (2001) (quoting Harper v. Commonwealth, 196 Va. 723, 733, 85 S.E.2d 249, 255 (1955)).

Thus, the initial incident when appellant threatened to kill the victim while pointing a gun at his chest constituted assault. Appellant clearly "offered" "with force and violence, to do some bodily hurt" to the victim when he threatened to kill him, and appellant had the "present ability" to carry out that threat when he pointed the gun at the victim's chest. After this offense was complete, appellant walked away and the victim began to drive off. Appellant then aimed his gun at the victim a second time, and did so "in such a manner as to reasonably induce fear" in the victim's mind. That second event of pointing the gun at the victim constituted brandishing of a firearm in violation of Code § 18.2-282.

The assault and brandishing offenses were two distinct and separate acts, separated in time and space, and each conviction was sustained by different evidence. Hundley, 193 Va. at 451, 69 S.E.2d at 337. Thus, these convictions and sentences were not multiple punishments for the same offense, and no violation of the Double Jeopardy Clause occurred. Stephens, 263 Va. at 62, 557 S.E.2d at 230.[2]

The judgment of the trial court is affirmed.

Affirmed.

---

[2] Since we hold that the Double Jeopardy Clause is not implicated by the evidence in this case, we need not address appellant's argument that the commission of an assault is inherently part of every brandishing charge, akin to the "incidental detention doctrine" set forth in Johnson v. Commonwealth, 221 Va. 872, 275 S.E.2d 592 (1981), and Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985). The "incidental detention doctrine" is predicated on the principle that the same evidence is being used to sustain the subject convictions. Wiggins v. Commonwealth, 47 Va. App. 173, 180-81, 622 S.E.2d 774, 777 (2005) (considering whether the abduction of the victim was "separate and apart from, and not merely incidental to, the restraint employed in the commission" of the robbery). As the convictions here were supported by different evidence, we do not reach appellant's argument.