UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judge Alston and Senior Judge Frank
Argued at Norfolk, Virginia


XYHEIR KEYONTA TATE

MEMORANDUM OPINION* BY
v.        Record No. 0549-18-1                    JUDGE ROBERT P. FRANK
                                                  APRIL 16, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Joshua A. Goff (Goff Voltin, PLLC, on brief), for appellant.

Kelsey M. Bulger, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Xyheir Keyonta Tate, appellant, was convicted, in a jury trial, of two counts of maliciously

shooting at or into an occupied dwelling, in violation of Code § 18.2-279.[1]  On appeal, he contends

that the trial court erred in finding him guilty of two offenses since there was only a single offense.

For the reasons stated, we affirm the judgment of the trial court.

BACKGROUND

Concerning the specific issue before the court, the facts are uncontroverted.

Richard Clinton (Clinton) and Todd Wentz (Wentz) discovered that their work truck had

been damaged while parked at the motel where they were staying.  Wentz went to their motel room

to contact their work supervisor, and Clinton remained in the parking lot.  Appellant approached

Clinton, stuck a gun in his face, and demanded "all of his stuff."  When Clinton refused to comply,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was convicted of a number of other felonies and a misdemeanor, none of
which is the subject of this appeal.

appellant struck Clinton in the face with a pistol, breaking his nose. Clinton scuffled with appellant, managed to get away, and yelled to Wentz to open the motel door. There were two other assailants with appellant. The assailants shot at Clinton and in the direction of the motel room before Wentz opened the door. Wentz opened the motel room door, and Clinton entered while shots continued to be fired in his direction. After Clinton entered the motel room, the shots continued. Three shots entered the motel room, and one bullet hole was found outside the room. Wentz was inside the room during the entire shooting.

Detective Steven Rodey, with the Hampton Police Department, was called to the scene. He recovered shell casings and observed "several bullet holes" in rooms 112 and 114, both of which were occupied.[2]

At the close of the Commonwealth's evidence, appellant moved to strike one count of shooting into an occupied building. Appellant acknowledged that he had fired a weapon at the motel room occupied by Clinton and Wentz, but he argued that the Commonwealth could not secure multiple convictions based on the number of people occupying the building because the shooting only "happened one time." He further argued that "the gunshots went into two separate rooms, but they were all part of the same structure." The trial court denied the motion to strike, noting that the evidence showed bullet holes inside and outside two motel rooms and there were two separate shootings. At the conclusion of the defense case, appellant renewed his motion to strike on the same grounds. Again, the trial court denied the motion.

The jury was instructed on the applicable law. Instruction 13 stated that the Commonwealth must prove beyond a reasonable doubt "that the defendant shot at a building occupied by Richard Clinton." Instruction 14 stated that the Commonwealth must prove beyond a reasonable doubt "that

---

[2] The record does not indicate which of the two rooms Clinton and Wentz occupied.

the defendant shot at a building occupied by Todd Wentz." Appellant did not object to either instruction. The jury returned guilty verdicts for both counts of shooting into an occupied building.

This appeal follows.

ANALYSIS

Code § 18.2-279 states in part:

> If any person . . . maliciously shoots at, or maliciously throws any missile at or against any dwelling house or other building when occupied by one or more persons, whereby the life or lives of any such person or persons may be put in peril, the person is guilty of a Class 4 felony.

Appellant does not challenge that he committed one violation of Code § 18.2-279. He argues only that the evidence did not support two violations of the statute because "there was conceptually only a single offense." He maintains that although the gunshots entered two separate rooms, both rooms were part of the same structure. He further asserts that the number of people occupying the rooms does not determine the number of charges.

Essentially, appellant's argument on appeal concerns the unit of prosecution under Code § 18.2-279, although he never uses that term.[3] Appellant cites case law as to sufficiency of the evidence, but he cites no other law supporting his position, particularly as to the unit of prosecution. Contending he committed only one offense because he fired into a single structure, even though conceding the bullets entered two separate, occupied hotel rooms, appellant compares his case with one shooting into a courtroom with numerous people in the courthouse. He claims the shooter cannot be charged with one count for each person in the courthouse. Appellant misses the point. Here, he fired multiple shots into two separate hotel rooms and endangered the lives of the occupants.

---

[3] While the Commonwealth indicates in its brief that appellant "appears to suggest a violation of the Double Jeopardy Clause" we see no indication that appellant made that argument, nor did appellant cite any authorities suggesting such an argument.

"Statutory interpretation presents a pure question of law and is accordingly subject to *de novo* review by this Court." Washington v. Commonwealth, 272 Va. 449, 455 (2006). We begin here by considering the legislature's intent in enacting Code § 18.2-279 to "determine[] the permissible unit of prosecution." Severance v. Commonwealth, 295 Va. 564, 571 (2018). "It is well settled that two or more distinct and separate offenses may grow out of a single incident or occurrence, warranting the prosecution and punishment of an offender for each." Jones v. Commonwealth, 208 Va. 370, 375 (1967).

The language of Code § 18.2-279 is clear. The purpose of the statute is to protect from harm one or more occupants of a dwelling or building that is fired upon. Thus, the gravamen of the offense is the distinct act of shooting at an occupied building in a manner that may put the occupant or occupants in peril.[4] See Bryant v. Commonwealth, 295 Va. 302, 309 (2018).

"Where possible, a statute should be construed with a view toward harmonizing it with other statutes. Because the Code of Virginia is one body of law, other Code sections using the same phraseology may be consulted in determining the meaning of a statute." Branch v. Commonwealth, 14 Va. App. 836, 839 (1992).

A companion statute, Code § 18.2-154, states in part:

> Any person who maliciously shoots at, or maliciously throws any missile at or against, any train or cars on any railroad or other transportation company or any vessel or other watercraft, or any motor vehicle or other vehicles when occupied by one or more persons, whereby the life of any person on such train, car, vessel, or other watercraft, or in such motor vehicle or other vehicle, may be put in peril, is guilty of a Class 4 felony.

---

[4] We have previously held that Code § 18.2-279 is not a specific intent crime. See Fleming v. Commonwealth, 13 Va. App. 349, 354 (1991). Thus, the evidence must establish only that the defendant intended to shoot at a building, and not that he specifically intended to cause bodily injury or place the victim in fear of harm. See id.; see also Armstead v. Commonwealth, 55 Va. App. 354, 361-63 (2009) (applying Fleming rationale to Code § 18.2-154).

The only difference between the two statutes is the target of the shooting. Thus, we look to cases interpreting Code § 18.2-154. In Stephens v. Commonwealth, 263 Va. 58 (2002), the Supreme Court addressed the unit of prosecution under Code § 18.2-154. While involved in a high speed chase with another car, the defendant shot at the other car at least twice and hit its driver twice in the back. Id. at 60. The defendant contended that his acts of repeatedly firing a pistol from his car constituted a single act. The Court held that each of the shots was "a separate, identifiable act." Id. at 63.

In Kelsoe v. Commonwealth, 226 Va. 197 (1983), the defendant simultaneously pointed a pistol toward three men. Upholding his three convictions for brandishing a firearm, the Supreme Court stated that "the General Assembly clearly proscribed an offense against the person" and that "[t]he gravamen of the offense is the inducement of fear in another." Id. at 199. Accordingly, when the defendant frightened each of the three men by pointing his pistol at them, he committed three separate offenses of brandishing.[5] See id.

Similarly, in appellant's case, each act of shooting is the unit of prosecution. Appellant fired multiple shots at two motel rooms. Clinton and Wentz, the occupants of one of the rooms, were both put in peril by appellant's actions. Equally, the occupant or occupants of the other room also were put in peril. Consistent with the legislative intent evinced in the statute, appellant committed two separate violations of Code § 18.2-279. See Stephens v. Commonwealth, 35 Va. App. 141, 146 (2001) (holding that "where a completed offense has occurred, a separate charge may be brought for a repetition of the same conduct"), aff'd, 263 Va. 58 (2002); see also Johnson v. Commonwealth, 292 Va. 738, 744 (2016) (holding that "the unit of prosecution for failure to appear corresponds to the number of individual felony offenses for

---

[5] While Stephens and Kelso involved a due process analysis, the holdings are relevant to the issue before us.

which a defendant is obligated to appear," even if all of the underlying criminal charges were to have been heard at one hearing for which the defendant failed to appear (quoting <u>Johnson v. Commonwealth</u>, Record No. 1138-14-2, at *9 (Va. Ct. App. July 7, 2015))).

In <u>Proctor v. Commonwealth</u>, 40 Va. App. 233 (2003), we rejected the defendant's argument that he could not be convicted of both first-degree murder and shooting into an occupied building where he fired a shotgun in his living room in the presence of another person and his wife, whom he killed. <u>Id.</u> at 247-48. We held that adopting the defendant's interpretation of Code § 18.2-279 "would allow him to evade its punitive consequences for endangering the other occupants of the house by the contemporaneous murder of one of them" and that "[s]uch a reading would be a narrow and strained construction that would defeat the obvious intent of the legislature." <u>Id.</u>

In accordance with the rationale of these cases, we hold that the unit of prosecution under Code § 18.2-279 is each separate act of shooting. The evidence established that appellant fired multiple shots into two separate rooms at the motel where Clinton and Wentz were staying. We therefore affirm the judgment of the trial court that appellant committed two offenses of shooting at an occupied building.

<u>Affirmed.</u>