UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges McCullough, Russell and Senior Judge Frank
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.      Record No. 2246-14-1                   JUDGE STEPHEN R. McCULLOUGH
                                                                    APRIL 28, 2015

WILLIE RAY MACK


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellant.

Darell Sayer (Ferrell, Sayer & Nicolo, P.C., on brief), for appellee.


The Commonwealth appeals from an order granting a suppression motion.  It raises two

interrelated assignments of error:

> (1)  The trial court erred when it applied a probable cause standard to
> a traffic stop that required only reasonable suspicion.
>
> (2)  The trial court erred in granting the defendant's motion to
> suppress evidence because the evidence was attained subsequent to a
> legal traffic stop supported by reasonable suspicion.

For the reasons noted below, we affirm the judgment of the trial court.

BACKGROUND

On June 22, 2014, Officer Sammy Jones of the Portsmouth Police Department observed a

vehicle with what he described as an improperly secured rear license plate.  The plate was held in

place by a screw on the right side and by a wire on the other.  This arrangement caused the plate to

tilt at an approximately fifteen-degree angle.  Officer Jones concluded that the license plate was not

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

properly secured, in violation of Code § 46.2-716,[1] and he stopped appellant's vehicle.  During the stop, appellant admitted that his driver's license was suspended.

Appellant was charged with driving as a habitual offender, subsequent offense.  He filed a suppression motion on the basis that the stop was improper.  The defense argued that the officer lacked probable cause to make the stop because Code § 46.2-716 does not require the license plate to hang horizontally.  The Commonwealth responded that the officer could stop appellant's vehicle to determine if the license plate was not properly affixed.  At the hearing, the court, the defense, and the Commonwealth all indicated that probable cause was the governing standard.  The court inquired of the Commonwealth, "Do you agree that the officer has to have probable cause for the violation?"  He answered, "Yes," and argued that the standard was satisfied.  Later, the Commonwealth noted that the issue before the court was whether the officer had "a good faith basis for the stop based upon probable cause . . . ."  At the conclusion of the hearing, the court found that "there was no probable cause to stop this vehicle" for a Code § 46.2-716 violation and, accordingly, granted the motion to suppress.  The Commonwealth did not object that the trial court used an incorrect standard.

## ANALYSIS

In its first assignment of error, the Commonwealth argues that the trial court erred in applying a probable cause standard to a traffic stop that required only reasonable suspicion.  The posture of this case forecloses us from reaching the merits of the Commonwealth's assignments of error.  Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  We have

---

[1] Code § 46.2-716(A)(1) provides in relevant part that "Every license plate shall be securely fastened to the motor vehicle, trailer, or semitrailer to which it is assigned . . . [s]o as to prevent the plate from swinging."

noted that the main purpose of Rule 5A:18 "is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Schwartz v. Commonwealth, 41 Va. App. 61, 71, 581 S.E.2d 891, 896 (2003), aff'd, 267 Va. 751, 594 S.E.2d 925 (2004). The Commonwealth did not alert the trial court, at any point during the suppression hearing or after, that the court was basing its decision on an incorrect standard. Instead, the Commonwealth repeatedly embraced probable cause as the appropriate standard.

The Commonwealth appropriately acknowledges – and the record verifies – that it did not specifically mention Terry v. Ohio, 392 U.S. 1 (1968), or articulate that the propriety of a traffic stop is measured by an officer's reasonable suspicion at the time of the stop. The Commonwealth argues, however, that its invocation of Fourth Amendment reasonableness during argument sufficed to alert the court to the appropriate standard. We do not agree. An objection must be stated with "reasonable certainty." Rule 5A:18; see McDuffie v. Commonwealth, 49 Va. App. 170, 177, 638 S.E.2d 139, 142 (2006) ("In order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity.'" (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986))). The Commonwealth's argument did not alert the trial court to the specific issue raised on appeal – that it was addressing the motion to suppress under an incorrect standard. In fact, the Commonwealth expressly embraced probable cause as the standard. Accordingly, Rule 5A:18 precludes us from reaching the first assignment of error.

In addition, a litigant "'may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory. Nor may a party invite error and then attempt to take advantage of the situation created by his own wrong.'" Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009) (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)).

At oral argument, the Commonwealth, with commendable candor, acknowledged that its second assignment of error, which hinges on reasonable suspicion, is bound up with the first assignment of error and rises or falls with it. We accept the concession as appropriate. Accordingly, we do not reach the second assignment of error.

CONCLUSION

We affirm the judgment of the trial court.

Affirmed.