COURT OF APPEALS OF VIRGINIA

Present: Judges Raphael, Lorish and Callins

UNPUBLISHED

LORENZO LEE THOMAS

v.      Record No. 1530-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION\*
PER CURIAM
JULY 18, 2023

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Judge

(James C. Martin; Martin & Martin Law Firm, on brief), for
appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee.


Lorenzo Lee Thomas appeals his sentence, following a guilty plea, for possession of a

firearm while possessing a Schedule I/II drug; possession of a firearm as a nonviolent felon

within ten years of conviction; possession with intent to distribute a Schedule I/II drug, second or

subsequent offense; distributing over ten grams of methamphetamine; felony eluding police; and

misdemeanor property damage, in violation of Code §§ 18.2-308.4, 18.2-308.2, 18.2-248(C),

18.2-248(C)(4), 46.2-817, and 18.2-137.  On appeal, Thomas asserts that the trial court abused its

discretion in its imposition of sentence.

After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a);

Rule 5A:27(a).  Thomas failed to timely file the transcripts or statement of facts in lieu of a

---

\* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

transcript necessary to the appeal pursuant to Rule 5A:8. As a result, we cannot reach the merits of his assignments of error. Consequently, we affirm the convictions.

ANALYSIS

Thomas contends that the trial court erred in sentencing him to eight years of active incarceration. He asserts that the trial court inappropriately calculated his mandatory minimum punishments when it relied upon the original sentencing guidelines. He also argues that his sentence is unconstitutional as-applied and categorically, because it precludes him from participation in the Community Corrections Alternative Program for drug rehabilitation.

The record on appeal does not contain timely-filed transcripts of Thomas's guilty plea or sentencing hearings. The trial court convicted Thomas by final order entered on August 23, 2022. Under Rule 5A:8(a), a transcript must be filed no later than "60 days after entry of the final judgment," which was October 22, 2022. "This deadline may be extended by a judge of this Court only upon a written motion filed within 90 days after the entry of final judgment." Rule 5A:8(a). Thomas filed the transcripts with the circuit court on November 9, 2022, without obtaining an extension of time to file them later than the October 22, 2022 deadline.

"If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29. Accordingly, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule

5A:8(b)(4)(ii). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

After reviewing the record and the opening brief, we conclude that a timely-filed transcript, or a written statement of facts in lieu of a transcript, is indispensable to a determination of Thomas's assignments of error.[1] *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000); *Turner*, 2 Va. App. at 99-100. Both of Thomas's assignments of error refer, directly, to what occurred during his sentencing hearing. Thomas's first assignment of error argues that the trial court, in imposing his sentence, used mandatory minimum sentence numbers that "had in fact been explicitly rejected by the trial court judge and the prosecutor." Similarly, Thomas's second assignment of error contends that his sentencing guidelines relied upon mandatory minimum sentence numbers that "had in fact been waived by the trial judge and the prosecutor pursuant to the acceptance of the plea agreement."

Because Thomas failed to ensure that the record contains a timely-filed transcript, or a written statement of facts in lieu of a transcript, necessary to permit us to resolve the assignments of error, we cannot address the merits of his assignments of error. Rule 5A:8(b)(4)(ii). Consequently, we affirm the convictions.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.

---

[1] In addition, although Thomas claims both assignments of error were preserved by a post-trial motion, Thomas "did not obtain a ruling from the trial court on his [post-]trial motion, [hence] 'there is no ruling for [this Court] to review' on appeal, and his argument is waived under Rule 5A:18." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010) (third alteration in original) (quoting *Fisher v. Commonwealth*, 16 Va. App. 447, 454 (1993)). *See also Schwartz v. Commonwealth*, 41 Va. App. 61, 71 (2003) (holding that the appellant's "argument [wa]s barred by Rule 5A:18 because it was not raised in the circuit court, and because the circuit court never ruled upon his motion to set aside the convictions, providing . . . no ruling to review on appeal"), *aff'd*, 267 Va. 751 (2004).